# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division – Detroit

LC TRADEMARKS, INC.,
    a Michigan corporation, and
BLUE LINE FOODSERVICE
    DISTRIBUTION, INC.,
    a Michigan corporation,
        Plaintiffs,

      v.

BITWEALTH HOLDINGS, LLC,
    a Nevada limited liability company,
MATTHEW GOETTSCHE,
    a Colorado citizen,
GAVIN DICKSON,
    a Utah citizen,
GEORGE OMAR KOURY,
    a Nevada citizen,
GEORGE OMAR KOURY,
    Trustee of the VM3G Family Trust,
GINA RENEE KOURY,
    a Nevada citizen,
GINA RENEE KOURY,
    Trustee of the VM3G Family Trust,
AFIFI KOURY,
    a Nevada citizen,
THOMAS B. ROSHEK, III,
    a Texas citizen,
DANIELLE GOETTSCHE,
    a Colorado citizen, and
TARA MICHELLE DUVAL,
    a Texas citizen,
        Defendants.

Case No. 19-cv-13782

# COMPLAINT

Plaintiffs LC Trademarks, Inc. ("LCT") and Blue Line Foodservice Distribution, Inc. ("Blue Line") (collectively, "Plaintiffs") bring this action seeking damages for breaches of personal guarantees given by Defendants in connection with an International Multiple Unit Franchise Agreement ("IMUFA") permitting the development of LITTLE CAESARS franchises in New South Wales, Australia. Under the written IMUFA, non-party Evo Pizza Pty Ltd ("Evo Pizza"), an Australian proprietary limited company owned by Defendants, agreed to develop and operate the restaurants through the end of specified terms and to pay royalties to LCT in accordance with the IMUFA and Restaurant Addenda specific to each restaurant. Evo Pizza also agreed to purchase from Blue Line certain equipment and supplies used in its restaurants and to pay Blue Line for those purchases.

Evo Pizza developed fourteen LITTLE CAESARS restaurants under the IMUFA before it entered voluntary administration pursuant to the Australian Corporations Act of 2001 on October 23, 2019. Evo Pizza failed to perform its obligations under the IMUFA when it failed to make payments to LCT for royalties and to Blue Line for deliveries, equipment, and supplies. Each of the Defendants jointly and severally guaranteed in writing the performance of Evo Pizza's obligations under the IMUFA. Accordingly, Plaintiffs now seek damages

2

and other relief to which they are entitled under the express terms of the personal guarantees given by Defendants.

## THE PARTIES

1.     Plaintiff LC Trademarks, Inc. ("LCT") is a Michigan corporation with its principal place of business in Detroit, Michigan. LCT is a wholly owned subsidiary and an affiliate of non-party Little Caesar Enterprises, Inc. ("LCE"). LCE is the owner of the LITTLE CAESARS trademarks, service marks, trade names, and related marks. Plaintiff LCT is the exclusive licensee of LCE of such trademarks, service marks, trade names and related marks for purposes of the development of LITTLE CAESARS franchises in Australia.

2.     Plaintiff Blue Line Foodservice Distribution, Inc. is a Michigan corporation with its principal place of business in Detroit, Michigan. Blue Line is a wholly owned subsidiary and an affiliate of non-party LCE and is a supplier of products, ingredients, equipment, supplies, and materials used and sold by franchised LITTLE CAESARS restaurants.

3.     Defendant BitWealth Holdings, LLC is a Nevada limited liability company. The members of BitWealth Holdings are Matthew Goettsche, a Colorado citizen, and Gavin Dickson, a Utah citizen. Pursuant to the Deed of Guarantee, Indemnification, and Acknowledgement attached to the IMUFA (the "Guarantee"), BitWealth Holdings guaranteed the obligations of Evo Pizza related

3

to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA.

4. Defendant Matthew Goettsche is a natural person and a Colorado citizen. Pursuant to the Guarantee, he guaranteed the obligations of Evo Pizza related to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA.

5. Defendant Gavin Dickson is a natural person and a Utah citizen. Pursuant to the Guarantee, he guaranteed the obligations of Evo Pizza related to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA.

6. Defendant George Omar Koury is a natural person and a Nevada citizen. Pursuant to the Guarantee, he guaranteed the obligations of Evo Pizza related to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA.

7. Defendant Gina Renee Koury is a natural person and a Nevada citizen. Pursuant to the Guarantee, she guaranteed the obligations of Evo Pizza related to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA.

8. George Omar Koury and Gina Renee Koury are also defendants in their capacity as Trustees of the VM3G Family Trust. Pursuant to the Guarantee,

the VM3G Family Trust guaranteed the obligations of Evo Pizza related to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA.

9. Defendant Afifi Koury is a natural person and a Nevada citizen. Pursuant to the Guarantee, she guaranteed the obligations of Evo Pizza related to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA.

10. Defendant Thomas B. Roshek, III is a natural person and a Texas citizen. Pursuant to the Guarantee, he guaranteed the obligations of Evo Pizza related to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA.

11. Defendant Danielle Goettsche is a natural person and a Colorado citizen. Pursuant to the Guarantee, she guaranteed the obligations of Evo Pizza related to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA.

12. Defendant Tara Michelle Duval is a natural person and a Texas citizen. Pursuant to the Guarantee, she guaranteed the obligations of Evo Pizza related to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA.

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The parties are completely diverse in citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. The underlying facts substantiating the Court's jurisdiction are set out in greater detail below.

14. This Court has *in personam* jurisdiction over Defendants because they conducted business in this district and they have consented to the personal jurisdiction of this Court in the Guarantee that each has executed.

15. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district. Defendants have also consented to venue in this Court in the Guarantee that each has executed.

## BACKGROUND FACTS

### The IMUFA and Restaurant Addenda

16. LCT authorizes franchisees in Australia to use the LITTLE CAESAR trade names, trademarks, and service marks (the "LITTLE CAESARS Marks") and to operate under the LITTLE CAESARS System, which involves the production, merchandising, and sale of pizza and related products utilizing special equipment,

6

equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, and information.

17. Evo Pizza entered into the IMUFA with LCT on August 13, 2018. The IMUFA provided Evo Pizza with the right and obligation to establish and operate restaurants in the Australian state of New South Wales. (IMUFA § 1.1 (grant of rights); Attachment B (defining development territory and development schedule)). For each new restaurant developed by Evo Pizza, it entered into a restaurant addendum with LCT stating the location of the new restaurant and agreeing to operate the new restaurant in accordance with the terms and conditions of the IMUFA. (*Id.* § 1.1.2 (providing for restaurant addenda)).

18. Having entered into fourteen restaurant addenda under the IMUFA, Evo Pizza was licensed to use the LITTLE CAESARS Marks and System at each restaurant described in an addendum. Each license had a term of ten years from the date the restaurant opened for business. (*Id.* § 2.2.2).

| Franchise Number | Address | Opening Date | Term Expiration |
|---|---|---|---|
| 4136-0001 | 3 Graham Avenue Casula, NSW 2170 | 10/2/2014[1] | 10/1/2024 |
| 4136-0002 | Shop 9, 4-6 Wandella Road Miranda, NSW 2228 | 12/27/2016 | 12/26/2026 |
| 4136-0003 | 111 George Street | 9/19/2016 | 9/18/2026 |

---

[1] Because the IMUFA replaced a prior agreement entered into in February 2014, some of the restaurant addenda predate the IMUFA. These existing restaurants were brought under the terms of the IMUFA by the signing of a new addendum for each. (IMUFA § 1.2).

7

|           |                                                |            |            |
|-----------|------------------------------------------------|------------|------------|
|           | Parramatta, NSW 2228                           |            |            |
| 4136-0004 | 137 Marion Street<br>Leichhardt, NSW 2040      | 1/23/2017  | 1/22/2027  |
| 4136-0005 | Shop 10, 2 Birmingham Road<br>South Penrith, NSW 2750 | 11/13/2017 | 11/12/2027 |
| 4136-0006 | 2/35 William Street<br>Bathurst, NSW 2795      | 12/17/2018 | 12/16/2028 |
| 4136-0007 | 20 Sale Street<br>Orange, NSW 2800             | 7/30/2018  | 7/29/2028  |
| 4136-0008 | Shop 3A, Bradbury Shopping Villa<br>Bradbury, NSW 2560 | 1/29/2018  | 1/28/2028  |
| 4136-0010 | 1/2 Blamey Street<br>Revesby, NSW 2212         | 6/25/2018  | 6/24/2028  |
| 4136-0011 | Shop 4, 274-290 Victoria Street<br>Darlinhurst, NSW 2010 | 1/21/2019  | 1/20/2029  |
| 4136-0012 | 684 Hunter Street<br>Newcastle, NSW 2302       | 7/16/2018  | 7/15/2028  |
| 4136-0016 | 1/2-10 Gallipoli Street<br>St. Marys, NSW 2760 | 11/19/2018 | 11/18/2028 |
| 4136-0017 | 2/230 Elizabeth Street<br>Surry Hills, NSW 2010 | 12/3/2018  | 12/2/2028  |
| 4136-0018 | FS1 46 Wilsons Road<br>Mount Hutton, NSW 2290  | 2/18/2019  | 2/17/2029  |

19. The IMUFA required Evo Pizza to pay a Royalty Fee of 4% of Gross Sales for each restaurant through December 2022, after which time the Royalty Fee was to increase to 5% of Gross Sales. (IMUFA § 4.3).

20. The IMUFA defined "Gross Sales" as follows:

4.7   Gross Sales. As used in this Agreement, "**Gross Sales**" means all revenue from the sale of all services and products and all other income and consideration of every kind and nature related to the Restaurants (including, without limitation, proceedings from any business interruption insurance policies, delivery and/or catering fees), whether for cash, credit, or other value, and regardless of collection in the case of credit. . . .

8

21. Evo Pizza agreed to submit each week a report of Gross Sales realized by each restaurant during the prior week. (*Id.* § 10.2).

22. Evo Pizza agreed that any late payment would be subject to LCT's then-current late fee, in addition to interest at a rate of the lower of six percent over the one-year Libor Rate as published in the Wall Street Journal or the maximum rate permitted by law. (*Id.* § 4.10).

23. The IMUFA also required Evo Pizza to purchase equipment and supplies for its restaurants from suppliers designated by LCT. (*Id.* §§ 5.11; 5.12). LCT designated Blue Line as its supplier for certain equipment and supplies to be used in Evo Pizza's restaurants.

24. Evo Pizza agreed that it would be in default of the IMUFA if it failed to submit required financial reports to LCT, failed to make required payments to LCT or LCT's affiliates, or knowingly submitted false financial reports to LCT. (*Id.* §§ 15.2.10; 15.2.18).

25. Evo Pizza also agreed that it would be in default of the IMUFA if it were to become bankrupt or insolvent, or became unlikely to be able to pay its debts as they became due. (*Id.* §§ 15.1.1.2; 15.2.8).

26. Likewise, Evo Pizza agreed that it would be in default of the IMUFA if it were to cease to operate or abandon its restaurants. (*Id.* § 15.2.17).

9

27. Finally, the IMUFA required Evo Pizza to reimburse LCT for costs and expenses it incurred as a result of Evo Pizza's breaches of the IMUFA:

> [I]n connection with any failure by Franchisee to comply with this Agreement, regardless of whether there is any legal proceeding to enforce the terms of this Agreement, Franchisee shall reimburse LCT, upon demand, for the actual (or reasonably approximate) costs and expenses incurred by LCT, as applicable, as a result of such failure and for its enforcement of the terms of this Agreement, including, without limitation, accountants', attorneys', attorneys' assistants and expert witness fees, cost of investigation and proof of facts, court costs, other litigation expenses and travel expenses however excluding costs incurred by LCT in relation to settling a dispute under this Agreement.

(*Id.* § 18.4).

## **Evo Pizza's Breaches of the IMUFA**

28. Beginning in June 2019, Evo Pizza ceased making payments to LCT and Blue Line.

29. At present, the outstanding amount owed by Evo Pizza to LCT for royalty payments required by Section 4.3 of the IMUFA is $100,971.62.[2] A small portion of this—$1,643.06—is attributable to a shortfall in Evo Pizza's royalty payments from earlier in 2019. The remaining amount is allocable to Evo Pizza's restaurants as follows:

| Franchise Number | Address | Royalties Owed |
|---|---|---|
| 4136-0001 | 3 Graham Avenue | $12,889.09 |

---

[2] Unless otherwise noted, all amounts in this Complaint are stated in United States Dollars. The IMUFA requires that all payments made under its terms be made in United States Dollars. (IMUFA § 4.9).

|  | Casula, NSW 2170 |  |
|---|---|---|
| 4136-0002 | Shop 9, 4-6 Wandella Road Miranda, NSW 2228 | $8,068.59 |
| 4136-0003 | 111 George Street Parramatta, NSW 2228 | $7,186.88 |
| 4136-0004 | 137 Marion Street Leichhardt, NSW 2040 | $4,833.61 |
| 4136-0005 | Shop 10, 2 Birmingham Road South Penrith, NSW 2750 | $9,444.57 |
| 4136-0006 | 2/35 William Street Bathurst, NSW 2795 | $2,560.66 |
| 4136-0007 | 20 Sale Street Orange, NSW 2800 | $3,214.34 |
| 4136-0008 | Shop 3A, Bradbury Shopping Villa Bradbury, NSW 2560 | $12,805.88 |
| 4136-0010 | 1/2 Blamey Street Revesby, NSW 2212 | $4,260.12 |
| 4136-0011 | Shop 4, 274-290 Victoria Street Darlinhurst, NSW 2010 | $3,324.45 |
| 4136-0012 | 684 Hunter Street Newcastle, NSW 2302 | $4,490.05 |
| 4136-0016 | 1/2-10 Gallipoli Street St. Marys, NSW 2760 | $4,935.44 |
| 4136-0017 | 2/230 Elizabeth Street Surry Hills, NSW 2010 | $10,946.63 |
| 4136-0018 | FS1 46 Wilsons Road Mount Hutton, NSW 2290 | $10,368.25 |
| Subtotal |  | $99,328.56 |
| **Including prior shortfall of $1,643.06** |  | **$100,971.62** |

30. From at least May 17, 2019, and continuing through October 4, 2019, Blue Line delivered equipment, supplies, and food products including, but not limited to, pizza dough mix, cheese, and sauce to the restaurants operated by Evo Pizza. However, Evo Pizza repeatedly failed to pay invoices associated with those shipments, despite having a contractual obligation to do so. At present, the

11

outstanding amount owed by Evo Pizza to Blue Line for the purchase and delivery of equipment and supplies required by Sections 5.11 and 5.12 of the IMUFA is **$659,531.96**. This amount includes, in addition to $653,007.88 in past due amounts, $6,524.08 due on a December 10, 2019 invoice.

31.    In October 2019, LCT audited Evo Pizza's sales records for each of its restaurants for the fiscal year ending June 30, 2019. The results of that audit showed that Evo Pizza had underreported its sales for that period in large part by failing to report the full amount paid by customers using delivery services such as Uber Eats or Deliveroo. Instead, Evo Pizza would discount the sales at the point of sale by approximately 38%, resulting in total underreporting of AUS$600,000 for the audited fiscal year.

| Total underreported | AUS$600,000 |
| --- | --- |
| Royalties owed at 4% | AUS$24,000 |
| Currency conversion | USD**$16,478.97** |

32.    The audit also found that Evo Pizza failed to report opening day sales for its restaurants that opened during that fiscal year. Each store opened on a Monday, which was the last day of the reporting week, and Evo Pizza failed to report any sales for opening day for each of the following restaurants:

| Franchise Number | Address | Opening Date | Underreported Sales |
| --- | --- | --- | --- |
| 4136-0006 | 2/35 William Street Bathurst, NSW 2795 | 12/17/2018 | AUS$5,043 |
| 4136-0007 | 20 Sale Street Orange, NSW 2800 | 7/30/2018 | AUS$8,195 |

| 4136-0011 | Shop 4, 274-290 Victoria Street Darlinhurst, NSW 2010 | 1/21/2019 | AUS$1,495 |
|---|---|---|---|
| 4136-0012 | 684 Hunter Street Newcastle, NSW 2302 | 7/16/2018 | AUS$6,105 |
| 4136-0016 | 1/2-10 Gallipoli Street St. Marys, NSW 2760 | 11/19/2018 | AUS$2,972 |
| 4136-0017 | 2/230 Elizabeth Street Surry Hills, NSW 2010 | 12/3/2018 | AUS$1,818 |
| 4136-0018 | FS1 46 Wilsons Road Mount Hutton, NSW 2290 | 2/18/2019 | AUS$8,280 |
| Total | | | AUS$33,908 |
| Royalties owed at 4% | | | AUS$1,356.32 |
| Currency conversion | | | USD$933.76 |

33. In total, at present, Evo Pizza owes **$118,384.35** to LCT for unpaid royalties and **$659,531.96** to Blue Line for deliveries of supplies.

34. Evo Pizza appointed administrators and entered into voluntary administration under Australian law on October 23, 2019. As a result of this proceeding, LCT incurred AUS$36,200.23 (US**$24,978.03**) in attorneys' fees for its counsel in Australia and **$2,175.30** in attorneys' fees for its counsel in the United States. These fees will increase as Evo Pizza's administration proceedings continue.

35. Under the terms of the IMUFA, Evo Pizza had the right and the obligation to operate each licensed restaurant for a period of ten years from the opening of each restaurant. (IMUFA §§ 1.1.2 (obligation to operate restaurant), 2.2.2 (ten-year term). However, Evo Pizza has breached this obligation and has permanently closed and abandoned each of the restaurants. This has caused, and

will continue to cause, a loss of profits for LCT in the form of lost royalties that would reasonably be expected from continued operations. Based upon the period when all fourteen restaurants were operating, LCT received an average of AUS$29,284 in combined monthly royalties. Projecting this amount four years into the future, LCT would have expected to have received at least US$969,848.82 in royalties from Evo Pizza. This calculation understates the amount that actually will be lost by LCT due to the premature closure and abandonment, because the licenses for some of the restaurants extended into 2029, and none of the licenses would have expired by their terms in four years or fewer.

| Average monthly royalties | AUS$29,284 |
|---|---|
| Multiplied by 48 months | AUS$1,405,632 |
| Currency conversion | **US$969,848.82** |

### The Guarantees

36.   Evo Pizza's obligations under the IMUFA, as set out above, are enforceable against Defendants. Each Defendant executed a personal guarantee for the IMUFA (the "Guarantee"). A true copy of the Guarantee as executed by each Defendant is attached hereto as Exhibit A.

37.   In the Guarantee, Defendants agreed to

> jointly and severally, hereby unconditionally guarantee that all of Franchisee's obligations to LCT and its affiliates, including under the [IMUFA] and obligations to LCT's affiliate Blue Line Foodservice Distribution Inc., will be punctually paid and performed.

(Guarantee at 58).

14

38. Defendants also agreed that LCT would have no obligation to proceed against the Franchisees prior to enforcing their obligations as guarantors. (*Id.*)

39. Defendants also specifically agreed to indemnify LCT for legal costs it might incur as a result of Evo Pizza's failure to perform its obligations under the IMUFA:

> The undersigned hereby agree to defend, indemnify and hold LCT harmless against any and all losses, damages, liabilities, costs, and expenses (including, but not limited to, reasonable attorneys' fees, reasonable costs of investigation, court costs, and arbitration fees and expenses) resulting from, consisting of, or arising out of or in connection with any failure by Franchisee to perform any obligation of Franchisee under the Agreement . . . .

(*Id.*)

40. Finally, Defendants agreed that the Guarantee would be interpreted under Michigan law, excluding any applicable choice of law rules, and that they would submit to the personal jurisdiction of the federal court sitting in Detroit, Michigan. (*Id.* at 58–59).

41. On December 23, 2019, Plaintiffs issued demands for payment to Defendants on the basis of moneys owed by Evo Pizza and Defendants' personal guarantees of those debts. These demands included amounts owed for royalty fees and deliveries of equipment and supplies for the periods in which Evo Pizza's restaurants had been operating, attorneys' fees and costs incurred by LCT as a result of Evo Pizza's bankruptcy, and future royalties lost as a result of the closure

15

of Evo Pizza's restaurants. Plaintiffs demanded that Defendants pay all outstanding amounts owed immediately.

42. To date, Defendants have failed to pay any of the foregoing amounts.

## COUNT I
## Breach of Contract

43. The allegations of Paragraphs 1 through 42 are hereby incorporated by reference.

44. In the Guarantee, Defendants agreed unconditionally to jointly and severally guarantee that all of Evo Pizza's obligations to LCT and its affiliates under the IMUFA would be punctually paid.

45. In the course of its operations and administration, Evo Pizza accumulated $145,537.68 in debts to LCT.

46. In the course of its operations, Evo Pizza accumulated $659,531.96 in debts to Blue Line.

47. Evo Pizza agreed that, should it fail to make a required payment, it would owe additional late fees, plus interest at the lower of six percent over the one-year Libor Rate as published in the Wall Street Journal or the maximum rate permitted by law.

48. In the IMUFA and Restaurant Addenda, Evo Pizza also agreed to operate each of the LITTLE CAESARS restaurants it opened for a period of ten years.

16

49.     Evo Pizza closed and abandoned its restaurants in late 2019, in material breach of its contractual obligations under the IMUFA and Restaurant Addenda.

50.     As a direct result of Evo Pizza's closure and abandonment of its restaurants, LCT additionally has been deprived of future royalty payments it was owed, in the amount of at least $969,848.92.

51.     Through the Guarantee, Plaintiffs are entitled to collect all of these amounts from Defendants personally.

52.     Defendants have failed to pay any of the amounts Plaintiffs have demanded.

53.     Defendants' refusals constitute material breaches of the contractual provisions of the Guarantee cited herein.

54.     As a direct and proximate result of Defendants' refusal, Plaintiffs have been deprived of moneys they are owed.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court:

A.      Enter judgment in favor of LCT and against each of the Defendants, jointly and severally, for monetary damages in the amount of $145,537.68, or such higher amount as may be proven by the evidence, plus prejudgment interest pursuant to the IMUFA and Guarantee;

B. Enter judgment in favor of LCT and against each of the Defendants, jointly and severally, for monetary damages for lost future royalty payments in the amount of $969,848.82, or such higher amount as may be proven by the evidence, plus prejudgment interest pursuant to the IMUFA and Guarantee;

C. Enter judgment in favor of Blue Line and against each of the Defendants, jointly and severally, for monetary damages in the amount of $659,531.96, or such higher amount as may be proven by the evidence, plus prejudgment interest pursuant to the IMUFA and Guarantee;

D. Award Plaintiffs their costs and attorneys' fees incurred in connection with this action, pursuant to the IMUFA and Guarantee; and

E. Award Plaintiffs such other relief in their favor as this Court may deem just and proper.

/s/ Larry J. Saylor
Larry J. Saylor (P28165)
Kimberly A. Berger (P56165)
MILLER, CANFIELD, PADDOCK
   & STONE P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, Michigan 48226
Telephone:  (313) 496-7986
Facsimile:   (313) 496-8454
Saylor@millercanfield.com
Berger@millercanfield.com

Robert L. Zisk (admitted in E.D. Mich.)
Michael L. Sturm (admitted in E.D. Mich.)
GRAY, PLANT, MOOTY, MOOTY
   & BENNETT, P.A.

              The Watergate
              600 New Hampshire Avenue, N.W. – Suite 700
              Washington, D.C. 20037
              Telephone: (202) 295-2200
              Facsimile: (202) 295-2250
              robert.zisk@gpmlaw.com
              michael.sturm@gpmlaw.com

Dated: December 26, 2019  *Attorneys for Plaintiffs*