# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division — Detroit

LC TRADEMARKS, INC.,　　　　　　　)
　　a Michigan corporation, and　　　)
BLUE LINE FOODSERVICE　　　　　)
　　DISTRIBUTION, INC.,　　　　　　)
　　a Michigan corporation,　　　　　)
　　　　　　　　　Plaintiffs,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　v.　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
BITWEALTH HOLDINGS, LLC,　　　　)
　　a Nevada limited liability company, )
MATTHEW GOETTSCHE,　　　　　　)
　　a Colorado citizen,　　　　　　　)
GAVIN DICKSON,　　　　　　　　　)
　　a Utah citizen,　　　　　　　　　)
GEORGE OMAR KOURY,　　　　　　)
　　a Nevada citizen,　　　　　　　　)
GEORGE OMAR KOURY,　　　　　　)
　　Trustee of the VM3G Family Trust, )
GINA RENEE KOURY,　　　　　　　)
　　a Nevada citizen,　　　　　　　　)
GINA RENEE KOURY,　　　　　　　)
　　Trustee of the VM3G Family Trust, )
AFIFI KOURY,　　　　　　　　　　)
　　a Nevada citizen,　　　　　　　　)
THOMAS B. ROSHEK, III,　　　　　　)
　　a Texas citizen,　　　　　　　　)
DANIELLE GOETTSCHE,　　　　　　)
　　a Colorado citizen, and　　　　　)
TARA MICHELLE DUVAL,　　　　　)
　　a Texas citizen,　　　　　　　　)
　　　　　　　　　Defendants.　　　)

Case No.: 19-cv-13782

Honorable Paul D. Borman

**MOTION TO DISMISS, OR
IN THE ALTERNATIVE,
MOTION TO STAY**

**DEFENDANTS', GEORGE OMAR KOURY, GEORGE OMAR KOURY
AS TRUSTEE OF THE VM3G FAMILY TRUST, GINA RENEE KOURY,
GINA RENEE KOURY AS TRUSTEE OF THE VM3G FAMILY TRUST,
AFIFI KOURY, THOMAS B. ROSHEK III, AND TARA MICHELLE
DUVAL, MOTION TO DISMISS, OR IN THE ALTERNATIVE,
<u>MOTION TO STAY</u>**

**NOW COMES** Defendants, George Omar Koury, George Omar Koury as

Trustee of the VM3G Family Trust, Gina Renee Koury, Gina Renee Koury as

Trustee of the VM3G Family Trust, Afifi Koury, Thomas B. Roshek III, and Tara

Michelle DuVal only (referred to hereinafter as the "Defendants"), by and through

their counsel, Maddin Hauser Roth & Heller, PC, and for their Motion to Dismiss,

or in the alternative, Motion to Stay, state as follows:

1.      On December 26, 2019, Plaintiffs, LC Trademarks, Inc. and Blue Line

Foodservice Distribution, Inc. ("Plaintiffs") filed parallel complaints in this Court

and the Wayne County Circuit Court, captioned as follows: 1) United States District

Court, Case No. 19-CV-13782, *LC Trademarks, Inc. and Blue Line Food Service*

*Distribution, Inc., v Bitwealth Holdings, LLC, Matthew Goettsche, Gavin Dickson,*

*George Omar Koury, George Omar Koury as Trustee for the VM3G Family Trust,*

*Gina Renee Koury, Gina Renee Koury as Trustee for the VM3G Family Trust, Afifi*

*Koury, Thomas B. Roshek III, Danielle Goettsche, and Tara Michelle DuVal*

(referred to hereinafter as the "Federal Matter");  and 2) Wayne County Circuit

Court, Case No. 19-017282, *LC Trademarks, Inc. and Blue Line Food Service*

*Distribution, Inc. v Victorious Foods, LLC ("Victorious"), Ernest Koury, and*

*Sandra Koury* (referred to hereinafter as the "State Matter").  (**Exhibit A**: Federal Complaint; **Exhibit B**: State Complaint).

2.      Although Plaintiffs have named different Defendants in the Federal Matter and the State Matter, the allegations in the complaints are identical and arise out of the same transactions and occurrences.  (**Exhibit A; Exhibit B**).

3.      Accordingly, the Federal Matter should be dismissed or the Court should abstain from exercising jurisdiction to allow for wise judicial administration and to avoid "piecemeal litigation."

4.      In situations involving the contemporaneous exercise of concurrent jurisdiction by state and federal courts, principles rest on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817; 96 S.Ct. 1236 (1976); *Inrecon, LLC v. Highland Ins. Co.*, 284 F.Supp 773, 776 (Sixth Cir. 2003).

5.      Federal courts should abstain from a matter where exercising jurisdiction may result in piecemeal litigation. *Romine v. Compuserve Corp.*, 160 F.3d 337, 339, 341; 1998 Fed.App. 0333P (Sixth Cir. 1998); *see also, Inrecon, LLC v. Highland Ins. Co.*, 284 F.Supp at 779-780;

6.      Here, Plaintiffs apparently venue shopped and filed parallel complaints in this Court and Wayne County Circuit Court.  The allegations asserted in the

Federal Matter and the State Matter are identical and arise out of the same transactions and occurrences. This Court should dismiss the Federal Matter, or in the alternative, abstain, to avoid piecemeal litigation and inconsistent rulings with the State Matter.

WHEREFORE, and for the reasons discussed in the Brief in support of this motion, Defendants respectfully request that this honorable Court dismiss the Federal Matter, or in the alternative, abstain from exercising its jurisdiction in the Federal Matter until the pending State Matter is resolved.

Respectfully Submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.

*/s/ John A. MacKenzie*
John A. MacKenzie (P80386)
*Attorney for Defendants, George*
*Omar Koury George Omar Koury as Trustee for*
*the VM3G Family Trust, Gina Renee Koury, Gina*
*Renee Koury as Trustee for the VM3G Family*
*Trust Thomas B. Roshek III, Tara Michelle Duval,*
*and Afifi Koury*
28400 Northwestern Hwy., STE 200
Southfield, MI 48034
(248) 351-7008
jmackenzie@maddinhauser.com

Dated: March 2, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on **March 2, 2020,** I electronically filed the above documents and this Certificate of Service using the ECF Filing system, which will send notification of such filing to those who are currently registered to receive e-mail notices for this case.

MADDIN HAUSER ROTH & HELLER, P.C.

By: */s/ Sarah E. Beaudry*
Sarah E. Beaudry

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division — Detroit

| | | |
|---|---|---|
| LC TRADEMARKS, INC., <br>     a Michigan corporation, and <br> BLUE LINE FOODSERVICE <br>     DISTRIBUTION, INC., <br>     a Michigan corporation, <br>         Plaintiffs, <br><br> v. <br><br> BITWEALTH HOLDINGS, LLC, <br>     a Nevada limited liability company, <br> MATTHEW GOETTSCHE, <br>     a Colorado citizen, <br> GAVIN DICKSON, <br>     a Utah citizen, <br> GEORGE OMAR KOURY, <br>     a Nevada citizen, <br> GEORGE OMAR KOURY, <br>     Trustee of the VM3G Family Trust, <br> GINA RENEE KOURY, <br>     a Nevada citizen, <br> GINA RENEE KOURY, <br>     Trustee of the VM3G Family Trust, <br> AFIFI KOURY, <br>     a Nevada citizen, <br> THOMAS B. ROSHEK, III, <br>     a Texas citizen, <br> DANIELLE GOETTSCHE, <br>     a Colorado citizen, and <br> TARA MICHELLE DUVAL, <br>     a Texas citizen, <br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No.: 19-cv-13782 <br><br> Honorable Paul D. Borman <br><br> **BRIEF TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO STAY** |

**BRIEF IN SUPPORT OF DEFENDANTS', GEORGE OMAR KOURY, GEORGE OMAR KOURY AS TRUSTEE OF THE VM3G FAMILY TRUST, GINA RENEE KOURY, GINA RENEE KOURY AS TRUSTEE OF THE VM3G FAMILY TRUST, AFIFI KOURY, THOMAS B. ROSHEK III, AND TARA MICHELLE DUVAL, MOTION TO DISMISS, OR IN THE ALTERNATIVE, <u>MOTION TO STAY</u>**

# INDEX OF AUTHORITY

## Caselaw

1.  *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817; 96 S.Ct. 1236 (1976)...................................................................11

2.  *Inrecon, LLC v. Highland Ins. Co.*, 284 F.Supp 773, 776, 779-780 (Sixth Cir. 2003)....................................................................11

3.  *Romine v. Compuserve Corp.*, 160 F.3d 337, 338-341; 1998 Fed.App. 0333P (Sixth Cir. 1998)..............................................................11-13

4.  *Healthcare Company Ltd. v. Upward Mobility, Inc.*, 748 Fed.Appx. 390, 393-395 (Sixth Circuit 2019)...............................................11-12

5.  *Ferens v John Deere Co.*, 494 U.S. 516, 527; 110 S.Ct. 1274 (1990)......12

# I.   FACTUAL AND PROCEDURAL BACKGROUD

On December 26, 2019, Plaintiffs, LC Trademarks, Inc. and Blue Line Foodservice Distribution, Inc. ("Plaintiffs") filed parallel complaints in this Court and the Wayne County Circuit Court, captioned as follows: 1) United States District Court, Case No. 19-CV-13782, *LC Trademarks, Inc. ("LCT") and Blue Line Food Service Distribution, Inc. ("Blue Line"), v Bitwealth Holdings, LLC, Matthew Goettsche, Gavin Dickson, George Omar Koury, George Omar Koury as Trustee for the VM3G Family Trust, Gina Renee Koury, Gina Renee Koury as Trustee for the VM3G Family Trust, Afifi Koury, Thomas B. Roshek III, Danielle Goettsche, and Tara Michelle DuVal* (referred to hereinafter as the "Federal Matter");  and 2) Wayne County Circuit Court, Case No. 19-017282, *LC Trademarks, Inc. and Blue Line Food Service Distribution, Inc. v Victorious Foods, LLC ("Victorious"), Ernest Koury, and Sandra Koury* (referred to hereinafter as the "State Matter").  (**Exhibit A**: Federal Complaint; **Exhibit B**: State Complaint).  Although Plaintiffs have named different Defendants in the Federal Matter and the State Matter, the allegations in the complaints are identical and arise out of the same transactions and occurrences.  (**Exhibit A; Exhibit B**).

In the Federal Matter, Defendants, Afifi Koury, Thomas B. Roshek, III, and the VM3G Family Trust (George Omar Koury and Gina Renee Koury), are all members of Victorious Foods, LLC ("Victorious"), an entity that owns EVO Pizza

Pty, Ltd. ("EVO").  EVO is a franchisee of LCT as memorialized in a Multi-Unit Franchise Agreement, effective August 13, 2018 ("MUFA").  (**Exhibit C**: MUFA). The Defendants executed personal guarantees for performance of the MUFA ("Personal Guarantees").  (**Exhibit D**: Personal Guarantees).  Plaintiffs have filed a single count complaint in the Federal Matter for breach of contract against Defendants arising out of EVO's alleged breach of the MUFA.  (**Exhibit A**, p 16).

In the State Matter, Plaintiffs named as defendants, Ernest Koury, Sandra Koury, and Victorious.  (**Exhibit B**).  Ernest Koury and Sandra Koury are relatives of Omar Koury and Gina Koury, Defendants in the Federal Matter.  Ernest Koury is a  member of Victorious and executed Personal Guarantees of the MUFA.  (**Exhibit D**).  The allegations in the complaint filed in the State Matter are identical to the allegations in the complaint filed in the Federal Matter.  Plaintiffs have filed a single count complaint in the State Matter for breach of contract against the defendants arising out of EVO's alleged breach of the MUFA.  (**Exhibit B**, p 12).

It appears that Plaintiffs were venue shopping.  Wise judicial administration suggests that the Federal Court dismiss the Federal Matter, or abstain from exercising its jurisdiction until the parallel State Matter is resolved, to avoid piecemeal litigation.

## II.   LEGAL DISCUSSION

In situations involving the contemporaneous exercise of concurrent jurisdiction by state and federal courts, principles rest on considerations of "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817; 96 S.Ct. 1236 (1976); *Inrecon, LLC v. Highland Ins. Co.*, 284 F.Supp 773, 776 (Sixth Cir. 2003).   Federal courts should abstain from a matter where exercising jurisdiction may result in piecemeal litigation.   *Romine v. Compuserve Corp.*, 160 F.3d 337, 339, 341; 1998 Fed.App. 0333P (Sixth Cir. 1998); *Healthcare Company Ltd. v. Upward Mobility, Inc.*, 748 Fed.Appx. 390, 393-395 (Sixth Circuit 2019); *see also, Inrecon, LLC v. Highland Ins. Co.*, 284 F.Supp at 779-780.   Piecemeal litigation occurs when different courts adjudicate the identical issue, thereby duplicating judicial effort and potentially rendering conflicting results. *Romine v. Compuserve Corp.*, 160 F.3d at 341.   The Sixth Circuit has declared "piecemeal litigation" as "dangerous."   *Id*.   The reasoning to avoid piecemeal litigation is that:

> [W]hen a case proceeds on parallel tracks in state and federal court, the threat to efficient adjudication is self-evident. But judicial economy is not the only value that is placed in jeopardy. The legitimacy of the court system in the eyes of the public and fairness to the individual litigants also are endangered by duplicative suits that are the product of gamesmanship or that result in conflicting adjudications.

*Id*.

There is a two-step analysis to determine whether the federal court should abstain: 1) determine whether the state and federal proceeding are parallel, if yes, 2) then apply the eight factors from *Colorado. Healthcare Company Ltd. v. Upward Mobility, Inc.*, 748 Fed.Appx. at 393. The *Colorado* factors are: (1) whether the state court has assumed jurisdiction over any res or property; (2) whether the federal forum is less convenient to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the state and federal proceedings; and (8) the presence or absence of concurrent jurisdiction. *Id.* at 395. Parallelism is met if the state and federal matter are substantially similar. *Id.* at 394. Parallelism <u>does not</u> require the same parties be named in both the state matter and federal matter. *Id.* at 395. Also, judicial policy is to prevent and avoid opportunities for forum shopping. *See, Ferens v John Deere Co.*, 494 U.S. 516, 527; 110 S.Ct. 1274 (1990).

In *Romine*, the plaintiff filed four duplicative lawsuits arising out of the same securities transaction – one in Ohio state court, one in New York state court, and two in federal district court in Ohio. *Romine v. Compuserve Corp.*, 160 F.3d at 338. The defendant moved to dismiss or stay the federal district court matters because they were proceeding in a parallel state matter. *Id.* at 339. The federal district court determined to abstain from exercising its jurisdiction in deference to the parallel state

court proceeding in Ohio. *Id.* at 338. The federal district court reasoned that "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation" justified a stay of the federal actions pending resolution of the ongoing state proceeding against the defendant. *Id.* at 338. The Sixth Circuit upheld the district court's decision to abstain on appeal. *Id.* at 343. The Sixth Circuit expressly stated that its reasoning to support abstention was premised on avoiding "piecemeal litigation," preventing "gamesmanship," and "efficient adjudication." *Id.* at 341.

In this case, Plaintiffs filed duplicate and parallel lawsuits on the exact same day in Michigan state court and federal court – the State Matter and Federal Matter. The complaint filed in the State Matter is identical to the complaint filed in the Federal Matter. (**Exhibit A; Exhibit B**). The State Matter and Federal Matter arise out of the same transaction and occurrence, and are parallel. (**Exhibit A; Exhibit B**). Both the State Matter and the Federal Matter arise out of EVO's alleged breach of the IMUFA and liability of the personal guarantors. (**Exhibit A; Exhibit B**). There is no difference between the State Matter and the Federal Matter, other than Plaintiffs elected to name certain Defendants separately in each matter. The Sixth Circuit in *Healthcare, supra*, was unequivocal that simply splitting parties between the Federal Matter and State Matter, such as what Plaintiffs did here, will not defeat

parallelism.  Therefore, the State Matter and Federal Matter are parallel and the first step of the *Colorado* analysis is met.

The next step is for the Court to weigh the eight *Colorado* factors.  Here, (3) avoidance of piecemeal litigation; (5) whether the source of governing law is state or federal; (6) the adequacy of the state court action to protect the federal plaintiff's rights; and (7) the relative progress of the state and federal proceedings all weigh strongly in favor dismissal or abstention.

Allowing the Federal Matter to proceed simultaneously to the State Matter would result in piecemeal litigation.  For example, if the state court holds that a prior material breach bars Plaintiffs claims, or that Plaintiffs failed to prove liability against EVO, which is a perquisite to their claims against Defendants; and this Court holds the opposite, or vice versa, the result is inconsistent, piecemeal litigation. Litigating parallel matters in state and federal court may cause unnecessary, duplicative, and inconsistent "piecemeal."   Therefore, consistent with *Romine*, *supra*, this Court should dismiss the Federal Matter to avoid "piecemeal litigation" and to allow for efficient judicial administration in the State Matter.

As for the remaining factors, the IMUFA is governed by Michigan law; the adequacy of the State Matter is adequate to protect Plaintiffs' rights because Michigan law governs the dispute and LCT is headquartered in Wayne County; and the State Matter is already proceeding – the defendants in the State Matter have filed

their answers. Therefore, at least four of the eight Colorado factors strongly weigh in favor of abstention.

Moreover, the legislature unequivocally denounces forum shopping. The only explanation for Plaintiffs' conduct here – filing parallel and duplicative lawsuits in state and federal court – is forum shopping; or hoping to obtain a more favorable result in one forum over the other. Thus, the Court should dismiss this matter and compel Plaintiffs to join the Defendants and proceed in unison in the State Matter.

In the alternative, Defendants' request that the Court abstain from exercising its jurisdiction in the Federal Matter until the pending State Matter is resolved. This will avoid inconsistent rulings between this Court and Wayne County Circuit Court and preserve "wise judicial administration."

## III. CONCLUSION

Consistent with the foregoing, Defendants' respectfully request that this honorable Court dismiss the Federal Matter, or in the alternative, abstain from exercising its jurisdiction in the Federal Matter until the pending State Matter is resolved.

Respectfully Submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.

/s/ John A. MacKenzie
John A. MacKenzie (P80386)
*Attorney for Defendants, George*
*Omar Koury George Omar Koury as Trustee for*
*the VM3G Family Trust, Gina Renee Koury, Gina*
*Renee Koury as Trustee for the VM3G Family*
*Trust Thomas B. Roshek III, Tara Michelle Duval,*
*and Afifi Koury*
28400 Northwestern Hwy., STE 200
Southfield, MI 48034
(248) 351-7008
jmackenzie@maddinhauser.com

Dated: March 2, 2020

## CERTIFICATE OF SERVICE

I hereby certify that on **March 2, 2020,** I electronically filed the above documents and this Certificate of Service using the ECF Filing system, which will send notification of such filing to those who are currently registered to receive e-mail notices for this case.

MADDIN HAUSER ROTH & HELLER, P.C.

By: /s/ Sarah E. Beaudry
    Sarah E. Beaudry

## INDEX OF EXHIBITS

A.   Federal Complaint

B.   State Complaint

C.   Multi-Unit Franchise Agreement

D.   Personal Guarantees