# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division – Detroit

LC TRADEMARKS, INC., *et al.*,

        Plaintiffs,

v.

VICTORIOUS FOODS, LLC, *et al.*,

        Defendants.

Case No. 19-cv-13782

Hon. Paul D. Borman
Mag. Judge Anthony P. Patti

## <u>PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS OR STAY</u>

Larry J. Saylor (P28165)
Kimberly A. Berger (P56165)
MILLER, CANFIELD, PADDOCK
    &STONE P.L.C.
150 West Jefferson Avenue,
Suite 2500
Detroit, Michigan 48226
Telephone:   (313) 496-7986
Facsimile:   (313) 496-8454
Saylor@millercanfield.com
Berger@millercanfield.com

Robert L. Zisk (admitted in E.D. Mich.)
Michael L. Sturm (admitted in E.D. Mich.)
LATHROP GPM LLP
The Watergate
600 New Hampshire Avenue, N.W.
Suite 700
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile:   (202) 295-2250
robert.zisk@lathropgpm.com
michael.sturm@lathropgpm.com

*Attorneys for Plaintiffs*

Plaintiffs LC Trademarks, Inc. and Blue Line Foodservice Distribution, Inc. ("Plaintiffs") oppose the Motion of Defendants George Omar Koury, George Omar Koury as Trustee of the VM3G Family Trust, Gina Renee Koury, Gina Renee Koury as Trustee of the VM3G Family Trust, Afifi Koury, Thomas B. Roshek, III and Tara Michelle Duval (the "Moving Defendants") to Dismiss or, in the Alternative, Stay this matter (Dkt. 21) for the following reasons and grounds:

1.     The Motion to Dismiss or Stay should be denied in the first instance because it is now moot, under governing precedent, as a consequence of the filing of Plaintiffs' Amended Complaint [Dkt. 26]. Plaintiffs filed their Amended Complaint on March 18, 2020, pursuant to FED. R. CIV. P. 15(a)(1)(B). Under established precedent, "any motion directed at the original complaint is moot in the face of the filing of the amended complaint." *Indigenous Am. People Inhabiting Cty. of Wayne, Michigan v. Wayne Cty. Mun. Corp.*, No. CV 19-12579, 2019 WL 7560052, at *2 (E.D. Mich. Dec. 16, 2019), *report and recommendation adopted sub nom. Indigenous Am. People Inhabiting Cty. of Wayne, Michigan v. Wayne Cty. Muncipal Corp.*, No. 19-CV-12579, 2020 WL 109514 (E.D. Mich. Jan. 9, 2020).

2.     Second, even if Plaintiffs had not filed their Amended Complaint, there would be no basis for abstention. The Motion should be denied because there are no "exceptional circumstances" here that would justify the Court's "abdication

of the obligation to decide cases." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976). Even before the amendment, this federal case was far more comprehensive than the related state case that Moving Defendants suggest should proceed before this case or in lieu of this case. Following the amendment, this case is fully comprehensive, whereas the state case—which Plaintiffs are prepared to dismiss—is not.[1] In these circumstances, there is no precedent that supports the extraordinary remedy of abstention.

3.      Finally, contrary to Moving Defendants' allegations, Plaintiffs have engaged in no forum shopping—and Moving Defendants are well aware of this fact. Rather, as detailed below, the initial filing of two actions was necessitated by the terms of the guarantees executed by the parties, and the limits of federal diversity jurisdiction as they have been interpreted by the federal courts. *See Smith v. Queener*, No. 17-5770, 2018 WL 3344176, at *2 (6th Cir. Jan. 4, 2018) (no diversity jurisdiction over "stateless" United States citizens residing abroad).

WHEREFORE, for the reasons stated above and in the following brief, the Court should deny Moving Defendants' Motion to Dismiss or, in the Alternative, Stay this matter [Dkt. 21].

---

[1] Plaintiffs have no interest in pursuing duplicative actions, and once it is clear that this case will proceed and that the three previous state court defendants can be joined, Plaintiffs will seek to dismiss or stay the state court action so that a single, comprehensive case can proceed in this Court.

**BRIEF IN SUPPORT OF PLAINTIFFS' OPPOSITION**
**<u>TO MOTION TO DISMISS OR STAY</u>**

## TABLE OF CONTENTS

I.      Issue Presented................................................................1

II.     Controlling Authority for Relief Sought ..........................................2

III.    Background Facts ...............................................................3

IV.     Argument ......................................................................6

        A.      Filing of an Amended Complaint Moots the Motion to Dismiss..........7

        B.      *Colorado River* Abstention Would Be Improper. ................................8

                1.      Only the Clearest of Justifications
                        Will Support Abstention. ............................................9

                2.      The State and Federal Actions Are Not Parallel......................10

                3.      The *Colorado River* Factors Do Not Support Abstention. .......13

                        a.      Granting Defendants' Motion Would Produce
                                Piecemeal Litigation and Significantly
                                Encumber Discovery. .....................................15

                        b.      The Remaining Factors Are Neutral..............................17

                        c.      This Court Should Exercise Its Jurisdiction. ..................19

V.      Conclusion ....................................................................20

## TABLE OF AUTHORITIES

**Reported Cases**

*Colorado River Water Conservation Dist. v. United States*,
   424 U.S. 800 (1976).................................................................. *passim*

*Crawley v. Hamilton Cty. Comm'rs*, 744 F.2d 28 (6th Cir. 1984) .................. 10–11

*Focus Radio, Inc. v. Summit Radio, Inc.*,
   853 F. Supp. 252 (E.D. Mich. 1994) ................................................ 13–14, 17

*Inrecon, LLC v. Highlands Ins. Co.*,
   284 F. Supp. 2d 773 (E.D. Mich. 2003) .......................................................11

*Mason v. Lockwood, Andrews & Newnam, P.C.*,
   842 F.3d 383 (6th Cir. 2016) .........................................................................9

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983)........................................................................ *passim*

*PaineWebber, Inc. v. Cohen*, 276 F.3d 197 (6th Cir. 2001) ...................... 13, 14, 18

*Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706 (1996) ...........................................9

*Quality Assocs., Inc. v. The Procter & Gamble Distrib. LLC*,
   949 F.3d 283 (6th Cir. 2020) .........................................................................9

*Rouse v. DaimlerChrysler Corp.*, 300 F.3d 711 (6th Cir. 2002) .............................9

*Romine v. Compuserve Corp.*, 160 F.3d 337 (6th Cir. 1998).................... 15–16, 19

*RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553 (6th Cir. 2013) ........................9

*Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468 (6th Cir. 2015)...............4

*Zwickler v. Koota*, 389 U.S. 241 (1967) ...................................................................9

**Unreported Cases**

*Boucher v. Michigan*,
   No. 17-13233, 2018 WL 10425905 (E.D. Mich. Nov. 28, 2018) ..................8

*Brown v. City of Allen Park*, No. CV 17-12403, 2017 WL 6539044
   (E.D. Mich. Dec. 21, 2017) ............................................................ 17–18, 20

*Carter v. Univ. of Texas at Dallas*,
   No. 19-12381, 2019 WL 6768748 (E.D. Mich. Oct. 9, 2019) ..................7–8

*Chellman-Shelton v. Glenn*, 197 F. Appx 392 (6th Cir. 2006) .................. 10–11, 12

*Crestmark Bank v. Electrolux Home Prod., Inc.*, No. 14-CV-11595,
    2015 WL 13541146 (E.D. Mich. June 29, 2015) ................................. *passim*

*Healthcare Co. Ltd. v. Upward Mobility, Inc.*,
    784 F. Appx 390 (6th Cir. 2019) ......................................................... 16, 19

*Hoffman v. Kik*,
    No. 18-CV-11908, 2019 WL 4127158 (E.D. Mich. Aug. 9, 2019) ............... 8

*Indigenous Am. People Inhabiting Cty. of Wayne, Michigan v.
    Wayne Cty. Mun. Corp.*,
    No. CV 19-12579, 2019 WL 7560052 (E.D. Mich. Dec. 16, 2019) .............. 7

*Live Cryo, LLC v. CryoUSA Imp. & Sales, LLC*,
    No. 17-CV-11888, 2017 WL 4098853 (E.D. Mich. Sept. 15, 2017) ........... 12

*McCausland v. Charter Twp. of Canton*,
    No. 18-12409, 2019 WL 4746763 (E.D. Mich. Sept. 30, 2019) ........... 11, 18

*Smith v. Queener*, No. 17-5770, 2018 WL 3344176 (6th Cir. Jan. 4, 2018) ............. 4

*State Farm Mut. Auto. Ins. Co. v. Universal Health Grp., Inc.*,
    No. 14-CV-10266, 2014 WL 5427170 (E.D. Mich. Oct. 24, 2014) ............. 12

*State Farm Mut. Ins. Co. v. Elite Health Centers, Inc.*,
    No. 16-13040, 2017 WL 877396 (E.D. Mich. Mar. 6, 2017) ...................... 11

*Watkins v. Healy*,
    No. 17-CV-13940, 2018 WL 1471479 (E.D. Mich. Mar. 26, 2018) ........... 11

## Federal Rules

FED. R. CIV. P. 15 ........................................................................... 5, 7–8

FED. R. CIV. P. 45 ........................................................................... 16–17

## I.    ISSUE PRESENTED

Whether the Court should follow its "virtually unflagging" obligation to exercise its jurisdiction to determine this case, where (i) it is undisputed that this case is and always has been far more comprehensive than the related state court proceeding, (ii) none of the *Colorado River* factors favors abstention, and (iii) Moving Defendants' claim of improper "forum shopping" is demonstrably false?

## II.     CONTROLLING AUTHORITY FOR RELIEF SOUGHT

"The doctrine of abstention, under which a District Court may decline to exercise or postpone the exercise of its jurisdiction, is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it. Abdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976).

## III.   BACKGROUND FACTS

This action arises from the personal guarantees executed by Defendants for the obligations of Evo Pizza Pty Ltd ("Evo"). Evo entered into an International Multiple Unit Franchise Agreement ("IMUFA") with Plaintiff LC Trademarks, Inc. ("LCT") permitting Evo to develop LITTLE CAESARS restaurants in New South Wales, Australia. Compl., ¶ 17; Am. Compl., ¶ 20. Evo developed fourteen LITTLE CAESARS restaurants under the IMUFA before entering voluntary administration in October 2019. Compl., ¶¶ 18, 34; Am. Compl., ¶¶ 21, 37. Evo failed to perform its obligations under the IMUFA when it failed to make payments to LCT for royalties and to its distributor, Plaintiff Blue Line Foodservice, Inc. ("Blue Line") for deliveries, equipment, and supplies. Compl., ¶¶ 28–35; Am. Compl., ¶¶ 31–38. Each of the Defendants jointly and severally guaranteed in writing the performance of Evo Pizza's obligations under the IMUFA. Compl., ¶¶ 36–40, Ex. A; Am. Compl., ¶¶ 39–43, Ex. A.

Plaintiffs sought to enforce Defendants' guarantees in two lawsuits filed December 26, 2019: the instant case and *LC Trademarks, Inc., et al. v. Victorious Foods, LLC, et al.*, No. 19-017282-CB, in the Third Judicial Circuit Court in Detroit, Michigan ("the state court action").[2] Defendants' guarantees include a forum selection clause stating that an action to enforce the guarantees could be

---

[2] The Complaint in the state court action is attached to the Motion as Exhibit B.

brought "in the federal courts sitting in Detroit, Michigan or, if such court does not have subject matter jurisdiction, the courts of the State of Michigan sitting in Wayne County." Compl. Ex. A; Am. Compl. Ex. A. At the time of initiating the lawsuits, Plaintiffs believed that the Court had diversity jurisdiction over Plaintiffs' claims against the eleven Defendants named in the original Complaint, but not over the claims against Victorious Foods or Ernest or Sandra Koury. Specifically, based upon both the addresses stated in the guarantee and the previous operation of the Australian restaurants, Plaintiffs believed that Ernest and Sandra Koury were United States citizens domiciled in Australia and, as a result, not citizens of any state for diversity purposes. *See Smith v. Queener*, No. 17-5770, 2018 WL 3344176, at *2 (6th Cir. Jan. 4, 2018) (no diversity jurisdiction over "stateless" United States citizens).[3] Accordingly, Plaintiffs brought the claims against those Defendants separately in state court in accordance with the terms of the guarantees' forum selection clause and the requirements of this Court's diversity jurisdiction. All of the other guarantors were named as defendants in this action.

Ernest and Sandra Koury subsequently denied in their answer to the state complaint that they were domiciled in Australia and their counsel orally advised

---

[3] Because Ernest Koury is a member of Victorious Foods, his citizenship is attributed to Victorious Foods, an LLC. *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F.3d 468, 494 (6th Cir. 2015), *aff'd sub nom. Star Athletica, L.L.C. v. Varsity Brands, Inc.*, 137 S. Ct. 1002, 197 L. Ed. 2d 354 (2017).

counsel for Plaintiffs that they were U.S. residents. *See* Ex. 1 hereto, ¶¶ 4–5. Upon learning this information, Plaintiffs' counsel orally communicated the reasons for filing two separate lawsuits, as summarized above, and proposed that the parties stipulate to an amendment to add the three state defendants to the present case.[4] Counsel also advised that Plaintiffs would be prepared to dismiss the state court action once all parties had been joined in the federal action. Counsel for Plaintiffs also requested in a January 31, 2020 email that Moving Defendants' counsel "let us know your position as to whether Ernie and Sandra can be joined in the federal action. *If possible it would make sense to have all of the defendants in one action*." In view of these communications, the suggestion in the Motion that "[t]he only explanation for Plaintiffs' conduct here . . . is forum shopping" (Mot. at 15) is completely misleading. Moving Defendants were expressly advised as to the reason for the state filing, but ignored it in their Motion. Moreover, Defendants' claim of "forum shopping" on its face makes little sense, and Defendants do not explain how it would work to Plaintiffs' advantage.

After failing to respond for weeks, counsel for the three state defendants and the Moving Defendants advised for the first time in a February 27, 2020 letter that

---

[4] At the time, more than 21 days had passed since service of Plaintiffs' Complaint, so unilateral amendment was not permitted under FED. R. CIV. P. 15(a)(1)(A), but the right to amend under FED. R. CIV. P. 15(a)(1)(B) had not yet commenced. As discussed in the text, following the filing of an answer and a responsive motion, an amendment has now been filed as permitted by FED. R. CIV. P. 15(a)(1)(B).

they would consent to proceeding together in state court, but not in federal court. No explanation was provided for the apparent preference for the state forum. No assurance was offered that the other Defendants in this matter, including those represented by separate counsel, would consent to this course of action or accept service if they were joined to the state court action.[5] Four days later, without further discussion, Moving Defendants filed the Motion to Dismiss or Stay the present case.[6]

## IV.   ARGUMENT

The Motion to Dismiss or Stay should be denied because it is rendered moot by Plaintiffs' Amended Complaint and because abstention is otherwise improper. Defendants' Motion is moot because it was aimed at Plaintiffs' initial Complaint, which is no longer operative. Abstention is improper because there is neither parallel litigation nor do any of the factors articulated in *Colorado River Water Conservation Dist. v. United States* or its progeny justify this Court's "[a]bdication of the obligation to decide" this case. *See id.*, 424 U.S. 800, 813 (1976). Contrary

---

[5] Notably, three other Defendants, Bitwealth Holdings, LLC, Matthew Goettsche, and Danielle Goettsche, have answered the Complaint in this action and did not join in the motion. (*See* Dkt. 20). Moving Defendants do not explain in their Motion how the claims against these Defendants should be resolved.

[6] This unilateral notification, nearly a month after Plaintiffs had raised the possibility of consolidation of all defendants in the federal action, represented Moving Defendants' only attempt to seek concurrence as required in Local Rule 7.1

to Moving Defendants' suggestion, no precedent supports dismissal or stay of a more comprehensive federal case in favor of a less comprehensive state case.

## A.    Filing of an Amended Complaint Moots the Motion to Dismiss.

Plaintiffs' Amended Complaint renders Defendants' Motion moot. Defendants Bitwealth Holdings, LLC and Matthew and Danielle Goettsche filed their Answer [Dkt. 20] on March 2, 2020. Moving Defendants filed their Motion to Dismiss or Stay [Dkt. 21] the same day. Following the filing of these responses to Plaintiffs' initial Complaint, Plaintiffs filed their Amended Complaint on March 18, 2020 pursuant to FED. R. CIV. P. 15(a)(1)(B). The Amended Complaint brings into a single, unified action Plaintiffs' claims against all of Evo's guarantors.

Under established precedent, "any motion directed at the original complaint is moot in the face of the filing of the amended complaint." *Indigenous Am. People Inhabiting Cty. of Wayne, Michigan v. Wayne Cty. Mun. Corp.*, No. CV 19-12579, 2019 WL 7560052, at *2 (E.D. Mich. Dec. 16, 2019), *report and recommendation adopted sub nom. Indigenous Am. People Inhabiting Cty. of Wayne, Michigan v. Wayne Cty. Muncipal Corp.*, No. 19-CV-12579, 2020 WL 109514 (E.D. Mich. Jan. 9, 2020); *see also Carter v. Univ. of Texas at Dallas*, No. 19-12381, 2019 WL 6768748, at *1 (E.D. Mich. Oct. 9, 2019), *report and recommendation adopted sub nom. Carter v. Comm'r of Soc. Sec.*, No. 19-CV-12381, 2019 WL 6728356 (E.D. Mich. Dec. 11, 2019) ("Plaintiff's amended complaint supersedes the original

complaint on which the Defendants' motion to dismiss is based, and the original complaint has thus become a legal nullity."); *Hoffman v. Kik*, No. 18-CV-11908, 2019 WL 4127158, at *3 (E.D. Mich. Aug. 9, 2019), *report and recommendation adopted,* No. 18-CV-11908, 2019 WL 4075366 (E.D. Mich. Aug. 29, 2019) (denying as moot a motion to dismiss where plaintiff filed a motion for leave to amend the complaint thirteen days after filing of motion to dismiss; applying Rule 15(a)(1)(B)); *Boucher v. Michigan*, No. 17-13233, 2018 WL 10425905, at *1 (E.D. Mich. Nov. 28, 2018) (rejecting magistrate judge's recommendation of dismissal where plaintiff filed an amended complaint within the 15(a)(1)(B) deadline because "[t]he amended complaint mooted Michigan's motion to dismiss."). The cases interpreting Rule 15 alone are sufficient to deny Defendants' Motion as moot, and the Court should do so.

### B. *Colorado River* Abstention Would Be Improper.

Beyond the application of Rule 15, the facts of this case do not come close to warranting abstention under the *Colorado River* doctrine. This was true prior to the amendment; it is even more clear now that Plaintiffs have brought all of the Evo Pizza guarantors into this case. The Court should deny the Motion and continue to exercise its jurisdiction in this matter.

### 1.   Only the Clearest of Justifications Will Support Abstention.

Federal courts have a "strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). Federal courts must "listen when Congress directs [them] to assume jurisdiction over particular controversies." *Mason v. Lockwood, Andrews & Newnam, P.C.*, 842 F.3d 383, 394 (6th Cir. 2016). "Strict rules" govern abstention's "departure from the constitutional norm," making it an "'extraordinary and narrow exception' only to be invoked in narrowly limited 'special circumstances'." *Id.* (citing and quoting *Colorado River*, 424 U.S. at 813, and *Zwickler v. Koota*, 389 U.S. 241, 248 (1967)). Only the "clearest of justifications" will support abstention. *Rouse v. DaimlerChrysler Corp.,* 300 F.3d 711, 715 (6th Cir. 2002) (quotation omitted).

Contrary to the central thesis of Defendants' Motion, the mere fact that a related action is pending in state court is "'no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'" *Quality Assocs., Inc. v. The Procter & Gamble Distrib. LLC*, 949 F.3d 283, 288 (6th Cir. 2020) (quoting *Colorado River*, 424 U.S. at 817). "[T]he mere pendency of a state-court case concerning the same subject matter as a federal case is not reason enough to abstain." *RSM Richter, Inc. v. Behr Am., Inc.*, 729 F.3d 553, 557–58 (6th Cir. 2013). If there is "any substantial doubt" as to whether the state court action will

9

be "an adequate vehicle for the complete and prompt resolution of the issues between the parties . . . it would be a serious abuse of discretion to grant the stay or dismissal at all." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983).

Defendants have failed to provide anything like the "clearest of justifications" to overcome all "substantial doubts." Indeed, they seem to suggest that the relevant inquiry is simply whether this Court's exercise of its jurisdiction "may result in piecemeal litigation." (Mot. at 11). Beyond the fact that it is abstention, rather than the exercise of jurisdiction, that would result in "piecemeal litigation," Defendants grossly understate the burden they must carry to show that abstention is appropriate. They must show that there are "special circumstances" in this case sufficient to ignore Congressional direction establishing federal court jurisdiction. They have done no such thing, showing only that "an action is pending in state court." Under *Colorado River*, this is no bar to proceedings in this Court.

### 2.    The State and Federal Actions Are Not Parallel.

A necessary prerequisite for the application of the *Colorado River* doctrine is the existence of a parallel state proceeding. *Chellman-Shelton v. Glenn*, 197 F. Appx 392, 394 (6th Cir. 2006) (citing *Crawley v. Hamilton Cty. Comm'rs*, 744

F.2d 28, 31 (6th Cir. 1984)). None exists here, because the Defendants in this proceeding are not the same as those in the state court action.

Two proceedings are parallel only if they involve "substantially the same issues" and "the same plaintiff against the same defendant." *State Farm Mut. Ins. Co. v. Elite Health Centers, Inc.*, No. 16-13040, 2017 WL 877396, at *10 (E.D. Mich. Mar. 6, 2017) (quotation omitted). In determining whether proceedings are parallel, "'[t]he appropriate consideration is whether the two cases are currently parallel, not whether one could be modified so as to make the cases identical.'" *McCausland v. Charter Twp. of Canton*, No. 18-12409, 2019 WL 4746763, at *8 (E.D. Mich. Sept. 30, 2019) (quoting *Inrecon, LLC v. Highlands Ins. Co.*, 284 F. Supp. 2d 773, 778 (E.D. Mich. 2003)).

Even where the issues involved in the proceedings are the same, the fact that the parties involved are distinct is sufficient to undercut a claim of parallelism. Courts in this district have repeatedly held that no parallel proceedings existed where different parties were involved. *See, e.g.*, *Crawley,* 744 F.2d at 31 (finding no parallel proceedings in part on the basis of the different sets of defendants in the two cases); *Watkins v. Healy*, No. 17-CV-13940, 2018 WL 1471479, at *3 (E.D. Mich. Mar. 26, 2018) (same); *Inrecon*, 284 F. Supp. 2d at 778 ("The first indication that the two cases presented here are not 'parallel' is that the parties are distinct.").

11

As with *Colorado River* abstention more broadly, "any doubt regarding the parallel nature of the state court suit should be resolved in favor of exercising jurisdiction." *Chellman-Shelton*, 197 F. Appx at 395 (citation and alteration omitted). As noted above, a federal court must allay any substantial doubts that the state proceedings will "be an adequate vehicle for the *complete* and prompt resolution of the issues between the parties" before abstaining from the exercise of its jurisdiction. *Moses H. Cone*, 460 U.S. at 28 (emphasis added); *see also Chellman-Shelton*, 197 F. Appx at 394 (quoting *Moses H. Cone*). Where the parties involved in the two proceedings are distinct, the state proceedings cannot be an adequate vehicle for the complete resolution of the issues between the parties. *See Live Cryo, LLC v. CryoUSA Imp. & Sales, LLC*, No. 17-CV-11888, 2017 WL 4098853, at *11 (E.D. Mich. Sept. 15, 2017) (where defendants are distinct in the two cases, plaintiff cannot receive "complete relief" in the state case, and the two cases are not parallel.); *State Farm Mut. Auto. Ins. Co. v. Universal Health Grp., Inc.*, No. 14-CV-10266, 2014 WL 5427170, at *9 (E.D. Mich. Oct. 24, 2014) (no parallel proceedings where only plaintiff was common party in both cases).

Here, prior to the amendment, this proceeding involved eleven defendants, none of which was a party to the state proceeding. The state proceeding, in turn, involved three defendants, none of which was named as a defendant in this proceeding. As required by the forum selection clause in the guarantees, Plaintiffs

12

pursued in this Court those claims over which this Court had jurisdiction. When Plaintiffs learned that this Court also had jurisdiction over the guarantors against which Plaintiffs previously asserted claims in state court, Plaintiffs amended their Complaint in this action to include those claims.

While the causes of action are the same in the two proceedings, the defendants were entirely distinct before the amendment. This alone establishes that the state court action cannot be "an adequate vehicle for the complete resolution of the issues between the parties." Following the amendment, only the instant case permits the complete resolution of the issues between the parties, because all Evo guarantors are now named as Defendants. The state court action, in contrast, involves only three of the guarantors. There is no basis for staying the present, complete action in deference to a limited case against a subgroup of guarantors.

### 3. The *Colorado River* Factors Do Not Support Abstention.

Even if this case were parallel to the state court action, the factors announced in *Colorado River* and developed in subsequent cases do not support abstention. While each factor must be carefully balanced in light of its applicability in a given case, the overall balancing is "'heavily weighted in favor of the exercise of jurisdiction.'" *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 207 (6th Cir. 2001) (quoting *Moses H. Cone*, 460 U.S. at 16). In addition, "'doubts as to whether a particular factor exists in the abstention determination should be resolved against a

<div align="center">13</div>

stay.'" *Crestmark Bank v. Electrolux Home Prod., Inc.*, No. 14-CV-11595, 2015 WL 13541146, at *4 (E.D. Mich. June 29, 2015) (quoting *Focus Radio, Inc. v. Summit Radio, Inc.*, 853 F. Supp. 252, 256 (E.D. Mich. 1994)). Moving Defendants fail to acknowledge—and cannot meet—this high standard.

As stated by the Sixth Circuit, the relevant factors are: (1) the state court's jurisdiction over any *res* or property; (2) convenience to the parties; (3) avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) the source of governing law; (6) the adequacy of the state court action to protect the federal plaintiff's rights; (7) the relative progress of the proceedings; and (8) the presence or absence of concurrent jurisdiction. *PaineWebber*, 276 F.3d at 206 (citation omitted).

Here, the vast majority of the factors directly favor exercise of this Court's jurisdiction or are neutral, and there is no factor that strongly points towards abstention. Particularly important is factor (3): in spite of being the focus of Defendants' Motion, it is a stay of this case that would result in piecemeal litigation, as the Amended Complaint brings all of Plaintiffs' claims before this Court. Plaintiffs cannot resolve all of their claims in state court for the simple reason that only three of the Defendants in this matter were ever named in that case. Thus, even were the balancing not "heavily weighted in favor of the exercise of jurisdiction," there would be no basis for granting Defendants' Motion. The

Court should continue to exercise its jurisdiction over this matter and deny Defendants' motion for dismissal or a stay.

> **a.**   **Granting Defendants' Motion Would Produce Piecemeal Litigation and Significantly Encumber Discovery.**

The most significant *Colorado River* factor in this case is the third one, avoiding "piecemeal litigation." This factor points strongly towards the exercise of jurisdiction. As Defendants recognize, "'piecemeal litigation occurs when different courts adjudicate the identical issues, thereby duplicating judicial effort and rendering conflicting results.'" *Crestmark Bank*, 2015 WL 13541146 at *5 (quoting *Romine v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1998)); (*see also* Mot. at 11). Piecemeal litigation is a particular concern in the *Colorado River* context "where the federal proceedings will not resolve all of the claims, but the state court proceedings will." *Crestmark Bank*, 2015 WL 13541146 at *5.

Here, the situation is the exact opposite. From the date of filing, the federal case has always been more comprehensive than the state case. Now, following the amendment, the federal case is complete, whereas the state case is not. On these facts, which are undisputed, there is no basis for abstention. There is no risk of piecemeal litigation from the prosecution of the federal case; all of Plaintiffs' claims are presently before this Court. Thus, this case is fundamentally different from the cases in which abstention has been justified. *See, e.g., Romine*, 160 F.3d

15

at 340–42 (abstention granted where state actions were the more comprehensive and further advanced of four duplicative class actions); *Healthcare Co. Ltd. v. Upward Mobility, Inc. Id.*, 784 F. Appx 390, 392, 394 (6th Cir. 2019) (abstention granted where a materially broader state suit was filed six months earlier than the federal suit).[7]

The sixth factor, "the adequacy of the state court action to protect the federal plaintiff's rights," is also significant here, and likewise points towards the exercise of jurisdiction. The mere fact that "Michigan law governs the dispute" (Mot. at 14) is entirely insufficient to settle the matter. Plaintiffs will be unable to protect important rights in the state court action, for the simple reason that there are only three defendants in the state court action. As a result, the state court cannot protect Plaintiffs' rights against the other eleven defendants in the present action.

Second, FED. R. CIV. P. 45 provides an efficient mechanism for discovery in a matter involving defendants strewn across various states. Given that Defendants are located in states across the country, it is likely that third-party discovery will take place in multiple jurisdictions outside Michigan. FED. R. CIV. P. 45 provides an efficient mechanism for such discovery, insofar as it provides for nationwide

---

[7] Assuming that this case goes forward with all Defendants, Plaintiffs will seek to have the state case dismissed or stayed. Plaintiffs have no intention of prosecuting duplicative claims, and the initial filings were, as discussed above, simply the result of limits on the Court's diversity jurisdiction and the facts as they were understood at the time.

service of document and deposition subpoenas. *See* FED. R. CIV. P. 45(b)(2) (providing for service of a subpoena "at any place within the United States"). In contrast to the streamlined Rule 45 process, third-party discovery outside of Michigan in a state court case would require cumbersome applications to the separate courts of each jurisdiction in which discovery was sought.

The fifth factor also points towards the exercise of jurisdiction, contrary to Moving Defendants' contentions. (*See* Mot. at 14.) Moving Defendants are correct that the law to be applied is Michigan contract law. But it is well-established that the application of routine aspects of state common law "do[es] not warrant abstention." *Focus Radio*, 853 F. Supp. at 255.

### b.     The Remaining Factors are Neutral.

As above, "doubts as to whether a particular factor exists in the abstention determination should be resolved against a stay." *Crestmark Bank*, 2015 WL 13541146, at *4. Consequently, the neutrality of the remaining factors is further reason that Defendants' Motion should be denied.

This Court's exercise of jurisdiction will not interfere with the jurisdiction of the state court over any *res*, as none is involved in the matter. Defendants do not address this first *Colorado River* factor in their Motion.

The second factor is also neutral. "Convenience" is a question of geography, rather than "the relative jurisdictional scope of state versus federal courts." *Brown*

*v. City of Allen Park*, No. CV 17-12403, 2017 WL 6539044, at *3 (E.D. Mich.

Dec. 21, 2017). The federal and state courts in Detroit are blocks from one another.

*See McCausland v. Charter Twp. of Canton*, No. 18-12409, 2019 WL 4746763, at

*9 (E.D. Mich. Sept. 30, 2019). Accordingly, neither forum is more convenient

than the other. Defendants do not address this factor in their Motion.

The fourth and seventh factors are quite similar, and they are neutral.

Considering the order in which jurisdiction was obtained is not simply a question

of which complaint was first filed, but also a question of the progress in each

litigation. *Crestmark Bank*, 2015 WL 13541146, at *6 (citing *Moses H. Cone*, 460

U.S. at 21). Here, the two complaints were filed the same day, and defendants in

each action have responded to the complaints. Thus, neither proceeding is

materially more advanced than the other. Defendants point out that the defendants

in the state court action have filed an answer (*see* Mot. at 14), but omit the fact that

three Defendants have filed an answer here (Dkt. 20) and Moving Defendants'

Motion is also a response to the Complaint in this action.

The eighth factor is also neutral. This Court has concurrent jurisdiction with

the state court, which does not point towards or against the exercise of jurisdiction.

*See PaineWebber, Inc. v. Cohen*, 276 F.3d at 208 ("The presence of concurrent

jurisdiction only marginally, if at all, favors abstention."). Defendants do not

address this factor in their Motion. In sum, all of the relevant factors either favor

proceeding with the federal case or are, at best, neutral. Moving Defendants have not come close to meeting their heavy burden of justifying abstention.

### c.    This Court Should Exercise Its Jurisdiction.

The weakness of Moving Defendants' position is belied by comparison of the facts here to the facts in the cases Defendants rely upon. The only case whose facts Defendants develop involved *four* duplicative class actions. *Romine*, 160 F.3d at 338; (*see also* Mot. at 13–14). The cases involved "for the most part" the same defendants. *Romine*, 160 F.3d at 340. The state action was the more comprehensive and was also "considerably further" advanced than the federal matter, as a result of having been filed approximately a year before the federal cases. *Id.* at 340–42.

Here, this case was "more comprehensive" even prior to the amendment, and now it is complete. Plaintiffs never filed duplicative actions against the same defendants; instead, Plaintiffs filed separate actions only to the extent necessitated by what they understood at the time to be the limits of diversity jurisdiction. There is no similarity between the facts of *Romine* and the facts here, and citation to *Romine* does nothing to advance Defendants' argument in favor of abstention.

Defendants fare no better under the Sixth Circuit's decision in *Healthcare Co. Ltd.* (*See* Mot. at 13–14). In *Healthcare Co. Ltd.*, the state suit was filed six months earlier than the federal suit and was the materially broader of the two. *Id.*, 784 F. Appx at 392, 394. Neither is true here.

"The present matter is routine, with no novel questions of law and this case does not present the sort of 'exceptional circumstances' meriting a dismissal or stay pursuant to *Colorado River*." *See Brown*, 2017 WL 6539044, at *4. There is nothing extraordinary about a forum selection clause evidencing a preference for litigation in a federal forum, nor is there anything extraordinary about joining additional defendants after the initiation of proceedings. Plaintiffs filed separate lawsuits initially with the understanding that this Court lacked subject matter jurisdiction over the claims against some of the Defendants. Now, Plaintiffs have taken the necessary steps to bring those Defendants into this case. The *Colorado River* factors point strongly towards this Court's exercise of jurisdiction. When the overall analysis is "heavily weighted" in favor of the exercise of jurisdiction, there is no basis for abstention.

## V.    CONCLUSION

For the foregoing reasons, the Court should deny Defendants' Motion to Dismiss or Stay this matter.

<div style="margin-left: 40%;">

Respectfully submitted,

/s/ Robert L. Zisk
Robert L. Zisk (admitted in E.D. Mich.)
Michael L. Sturm (admitted in E.D. Mich.)
LATHOP GPM LLP
The Watergate
600 New Hampshire Avenue, N.W. – Suite 700
Washington, D.C. 20037
Telephone:  (202) 295-2200

</div>

Facsimile:    (202) 295-2250
robert.zisk@lathropgpm.com
michael.sturm@lathropgpm.com

Larry J. Saylor (P28165)
Kimberly A. Berger (P56165)
MILLER, CANFIELD, PADDOCK
     & STONE P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, Michigan 48226
Telephone:   (313) 496-7986
Facsimile:    (313) 496-8454
Saylor@millercanfield.com
Berger@millercanfield.com

Dated: March 18, 2020         *Attorneys for Plaintiffs*

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on March 18, 2020, I caused the foregoing to be electronically filed with the Clerk of Court using the ECF system, which will send notification of such filing to the following:

Jay Y. Mandel, Esq.
Jay Y. Mandel, PLLC
535 Griswold Street, Suite 1000
Detroit, MI 48226
jmandel@jymlaw.com
*Attorney for Defendants Bitwealth Holdings, LLC;*
*Matthew Goettsche; and Danielle Goettsche*

John A. MacKenzie, Esq.
Maddin Hauser Roth & Heller, PC
28400 Northwestern Highway, 2nd Floor
Southfield, MI 48034
jmackenzie@maddinhauser.com

*Attorney for Defendants George Omar Koury;*
*George Omar Koury Trustee of the VM3G Family*
*Trust; Gina Renee Koury; Gina Renee Koury*
*Trustee of the VM3G Family Trust; Afifi Koury;*
*Thomas B. Roshek, III; Tara Michelle Duval*

I hereby also certify that, on March 18, 2020, I caused the foregoing to be emailed and sent via first class U.S. mail to the following:

Scott Gordon, Esq.
Gordon Business Law
222 S. Main, Suite 500
Salt Lake City, UT 84101
ScottGordonLaw@gmail.com

*Attorney for Gavin Dickson*

/s/ Robert L. Zisk