# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division – Detroit

| | |
|---|---|
| LC TRADEMARKS, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> VICTORIOUS FOODS, LLC, *et al.*, <br><br> Defendants. | Case No. 19-cv-13782 <br><br> Hon. Paul D. Borman <br> Mag. Judge Anthony P. Patti |

## PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS OR STAY

## INDEX OF EXHIBITS

| Exhibit No. | Description |
|:---:|:---:|
| 1 | Defendants Ernest Koury and Sandra Koury's Answer to Complaint, *LC Trademarks et al. v. Victorious Foods, LLC, et al.*, No. 19-017282-CB (Cir. Ct. Mich. Mar. 2, 2020) |

# EXHIBIT 1

Defendants Ernest Koury and Sandra Koury's Answer to Complaint,
*LC Trademarks et al. v. Victorious Foods, LLC, et al.*,
No. 19-017282-CB (Cir. Ct. Mich. Mar. 2, 2020)

STATE OF MICHIGAN
CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT

LC TRADEMARKS, INC., a Michigan
Corporation, and BLUE LINE FOODSERVICE
DISTRIBUTION, INC., a Michigan                    Case No.: 19-017282-CB
Corporation,                                       Hon. Brian R. Sullivan
                        Plaintiffs,

v.

VICTORIOUS FOODS, LLC, a Nevada
Limited Liability Company, ERNEST KOURY,
an individual, and SANDRA KOURY, an
individual,
                        Defendants

---

| Larry J. Saylor (P28165) | David E. Hart (P45080) |
|---|---|
| Kimberly A. Berger (P56165) | John A. MacKenzie (P80386) |
| MILLER, CANFIELD, PADDOCK & STONE | MADDIN HAUSER |
| Attorneys for Plaintiffs | Attorneys for Defendants Ernest |
| 150 West Jefferson Ave., Suite 2500 | Koury and Sandra Koury |
| Detroit, MI 48226 | 28400 Northwestern Hwy, 2nd Floor |
| (313) 496-7986 | Southfield, MI 48034 |
| | (248) 354-4030 |
| | dhart@maddinhauser.com |
| | Jmackenzie@maddinhauser.com |

---

### DEFENDANTS ERNEST KOURY AND SANDRA KOURY'S
### ANSWER TO COMPLAINT

NOW COMES, Defendants, Ernest Koury and Sandra Koury ("Defendants"), and for their Answer to Plaintiff's Complaint, state as follows:

Plaintiffs LC Trademarks, Inc. ("LCT") and Blue Line Foodservice Distribution, Inc. ("Blue Line") (collectively, "Plaintiffs") bring this action seeking damages for breaches of personal guarantees given by Defendants in connection with an International Multiple Unit Franchise Agreement ("IMUFA," copies of which are in the possession of Defendants) permitting the development of LITTLE CAESARS franchises in New South Wales, Australia. Under the written IMUFA, non-party Evo Pizza Pty Ltd ("Evo Pizza"), an Australian proprietary limited company owned by Defendants, agreed to develop and operate the

03229876 v1

restaurants through the end of specified terms and to pay royalties to LCT in accordance with the IMUFA and restaurant addenda specific to each restaurant. Evo Pizza also agreed to purchase from Blue Line certain equipment and supplies used in its restaurants and to pay Blue Line for those purchases.

**ANSWER: Defendants object to the foregoing paragraph pursuant to MCR 2.111(A)(1) because the allegations are compound, and not pled to be clear concise and direct. Without waiving said objection, Defendants admit only that the aforementioned agreements speak for themselves. As to the remainder of the allegations, Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

Evo Pizza developed fourteen LITTLE CAESARS restaurants under the IMUFA before it entered voluntary administration pursuant to the Australian Corporations Act of 2001 on October 23, 2019. Evo Pizza failed to perform its obligations under the IMUFA when it failed to make payments to LCT for royalties and to Blue Line for deliveries, equipment, and supplies. Each of the Defendants jointly and severally guaranteed in writing the performance of Evo Pizza's obligations under the IMUFA. Accordingly, Plaintiffs now seek damages and other relief to which they are entitled under the express terms of the personal guarantees given by Defendants.

**ANSWER: Defendants object to the foregoing paragraph pursuant to MCR 2.111(A)(1) because the allegations are compound, and not pled to be clear concise and direct. Without waiving said objection, Defendants admit only that the IMUFA speaks for itself. As to the remainder of the allegations, Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

## THE PARTIES

1.      Plaintiff LC Trademarks, Inc. ("LCT") is a Michigan corporation with its principal place of business in Detroit, Michigan. LCT is a wholly owned subsidiary and an affiliate of non-party Little Caesar Enterprises, Inc. ("LCE"). LCE is the owner of the LITTLE CAESARS trademark, service mark, trade name, and related marks and Plaintiff LCT is the exclusive licensee of LCE of such trademarks, service marks, trade names and related marks for purposes of the development of LITTLE CAESARS franchises in Australia.

**ANSWER:  Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

2.      Plaintiff Blue Line Foodservice Distribution, Inc. is a Michigan corporation with its principal place of business in Detroit, Michigan. Blue Line is a wholly owned subsidiary and an affiliate of non-party LCE and is a supplier of products, ingredients, equipment, supplies, and materials used and sold by franchised LITTLE CAESARS restaurants.

**ANSWER:  Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

3.      Defendant Victorious Foods, LLC is a Nevada limited liability company headquartered at 11 Paradise Valley Ct., Henderson, NV 89052. Pursuant to the Deed of Guarantee, Indemnification, and Acknowledgement attached to the IMUFA (the "Guarantee"), Victorious Foods guaranteed the obligations of Evo Pizza related to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

4.      Defendant Ernest Koury is a natural person and, upon information and belief, a United States citizen domiciled abroad at 4C Wolseley Grove, Zetland, NSW 2017, Australia. Pursuant to the Guarantee, he guaranteed the obligations of Evo Pizza related to the fourteen

LITTLE CAESARS restaurants owned and operated under the IMUFA. Ernest Koury is also a member of Victorious Foods.

**ANSWER:  Defendant, Ernest Koury, denies that he is a United States citizen domiciled abroad at 4C Wolseley Grove, Zetland, NSW 2017, Australia because the allegation is untrue.   Defendant admits only that the IMUFA speaks for itself. Defendant admits that he is a member of Victorious Foods.**

5.      Defendant Sandra Koury is a natural person and, upon information and belief, a United States citizen domiciled abroad at 4C Wolseley Grove, Zetland, NSW 2017, Australia. Pursuant to the Guarantee, she guaranteed the obligations of Evo Pizza related to the fourteen LITTLE CAESARS restaurants owned and operated under the IMUFA. Sandra Koury is also a member of Victorious Foods.

**ANSWER:  Defendant, Sandra Koury, denies that she is a United States citizen domiciled abroad at 4C Wolseley Grove, Zetland, NSW 2017, Australia because the allegation is untrue.   Defendant admits only that the IMUFA speaks for itself. Defendant admits that she is a member of Victorious Foods**

### JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to MCL 600.605. Exclusive jurisdiction is not given in the Constitution or by statute to any other court, nor are the circuit courts denied jurisdiction by the Constitution or statutes of Michigan. The underlying facts substantiating the Court's jurisdiction are set out in greater detail below.

**ANSWER:  Defendants admit only that MCL 600.605 speaks for itself.**

7.      This Court has *in personam* jurisdiction over Defendants pursuant to MCL 600.705 and 600.725 because Defendants transacted business within the state and entered into a contract requiring payment within the state. This Court also has *in personam* jurisdiction over

Defendants because they have consented to the personal jurisdiction of this Court in the Guarantee that each has executed.

**ANSWER: Defendants admit only that MCL 600.705 and MCL 600.725 speak for themselves.**

8. Venue is proper in the Circuit Court pursuant to MCL 600.1621(b) because Plaintiffs have their principal places of business in this circuit. Defendants also consented to venue in this Court in the Guarantee that each Defendant has executed.

**ANSWER: Defendants admit only that MCL 600.1621(b) speaks for itself. Defendant admits only that "Guarantee" speaks for itself.**

**BACKGROUND FACTS**
**The IMUFA and Restaurant Addenda**

9. LCT authorizes franchisees in Australia to use the LITTLE CAESAR trade names, trademarks, and service marks (the "LITTLE CAESARS Marks") and to operate under the LITTLE CAESARS System, which involves the production, merchandising, and sale of pizza and related products utilizing special equipment, equipment layouts, interior and exterior accessories, identification schemes, products, management programs, standards, specifications, and information.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

10. Evo Pizza entered into the IMUFA with LCT on August 13, 2018. The IMUFA provided Evo Pizza with the right and obligation to establish and operate restaurants in the Australian state of New South Wales. (IMUFA § 1.1 (grant of rights); Attachment 1 (defining development territory and development schedule)). For each new restaurant developed by Evo Pizza, it entered into a restaurant addendum with LCT stating the location of the new restaurant and agreeing to operate the new restaurant in accordance

with the terms and conditions of the IMUFA. *(Id. § 1.1.2 (providing for restaurant addenda)).*

**ANSWER:**    **Defendants admit only that the IMUFA speaks for itself.**

11.    Having entered into fourteen restaurant addenda under the IMUFA, Evo Pizza was licensed to use the LITTLE CAESARS Marks and System at each restaurant described in an addendum. Each license had a term of ten years from the date the restaurant opened for business. *(Id. § 2.2.2).*

| Franchise Number | Address | Opening Date | Term Expiration |
|---|---|---|---|
| 4136-0001 | 3 Graham Avenue | 10/2/2014[1] | 10/1/2024 |
| 4136-0002 | Shop 9, 4-6 Wandella Road Miranda, NSW 2228 | 12/27/2016 | 12/26/2026 |
| 4136-0003 | 111 George Street Parramatta, NSW 2228 | 9/19/2016 | 9/18/2026 |
| 4136-0004 | 137 Marion Street Leichhardt, NSW 2040 | 1/23/2017 | 1/22/2027 |
| 4136-0005 • | Shop 10, 2 Birmingham Road South Penrith, NSW 2750 | 11/13/2017 | 11/12/2027 |
| 4136-0006 | 2/35 William Street Bathurst, NSW 2795 | 12/17/2018 | 12/16/2028 |
| 4136-0007 | 20 Sale Street Orange, NSW 2800 | 7/30/2018 | 7/29/2028 |
| 4136-0008 | Shop 3A, Bradbury Shopping Villa Bradbury, NSW 2560 | 1/29/201 8 | 1/28/2028 |
| 4136-0010 | 1/2 Blarney Street Revesby, NSW 2212 | 6/25/2018 | 6/24/2028 |
| 4136-0011 | Shop 4, 274-290 Victoria Street Darlinhurst, NSW 2010 | 1/21/2019 | 1/20/2029 |
| 4136-0012 | 684 Hunter Street Newcastle, NSW 2302 | 7/16/2018 | 7/15/2028 |
| 4136-0016 | 1/2-10 Gallipoli Street St. Marys, NSW 2760 | 11/19/2018 | 11/18/2028 |
| 4136-0017 | 2/230 Elizabeth Street Surry Hills, NSW 2010 | 12/3/2018 | 12/2/2028 |

---

[1] Because the IMUFA replaced a prior agreement entered into in February 2014, some of the restaurant addenda predate the IMUFA. These existing restaurants were brought under the terms of the IMUFA by the signing of a new addendum for each (IMUFA § 1.2)

| 4136-0018 | FS1 46 Wilsons Road Mount Hutton, NSW 2290 | 2/18/2019 | 2/17/2029 |
|---|---|---|---|

**ANSWER:**   **Defendants admit only that the IMUFA speaks for itself.**

12.   The IMUFA required Evo Pizza to pay a Royalty Fee of 4% of Gross Sales for each restaurant through December 2022, after which time the Royalty Fee was to increase to 5% of Gross Sales. (IMUFA § 4.3).

**ANSWER:**   **Defendants admit only that the IMUFA speaks for itself.**

13.   The IMUFA defined "Gross Sales" as follows:

4.7 <u>Gross Sales.</u> As used in this Agreement, **"Gross Sales"** means all revenue from the sale of all services and products and all other income and consideration of every kind and nature related to the Restaurants (including, without limitation, proceeds from any business interruption insurance policies, delivery and/or catering fees), whether for cash, credit, or other value, and regardless of collection in the case of credit. . . .

**ANSWER:**   **Defendants admit only that the IMUFA speaks for itself.**

14.   Evo Pizza agreed to submit each week a report of Gross Sales realized by each restaurant during the prior week. *(Id. § 10.2).*

**ANSWER:**   **Defendants admit only that the IMUFA speaks for itself.**

15.   Evo Pizza agreed that any late payment would be subject to LCT's then-current late fee, in addition to interest at a rate of the lower of six percent over the one-year Libor Rate as published in the Wall Street Journal or the maximum rate permitted by law. *(Id. § 4.10).*

**ANSWER:**   **Defendants admit only that the IMUFA speaks for itself.**

16.   The IMUFA also required Evo Pizza to purchase equipment and supplies for its restaurants from suppliers designated by LCT. *(Id. §§ 5.11; 5.12).* LCT designated Blue Line as its supplier for certain equipment and supplies to be used in Evo Pizza's restaurants.

**ANSWER:**   **Defendants admit only that the IMUFA speaks for itself.  As to the remainder of the allegations, Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

17.     Evo Pizza agreed that it would be in default of the IMUFA if it failed to submit required financial reports to LCT, failed to make required payments to LCT or LCT's affiliates, or knowingly submitted false financial reports to LCT. *(Id. §§ 15.2.10; 15.2.18).*

**ANSWER:     Defendants admit only that the IMUFA speaks for itself.  As to the remainder of the allegations, Defendants deny them in the manner and form alleged.**

18.     Evo Pizza also agreed that it would be in default of the IMUFA if it were to become bankrupt or insolvent, or became unlikely to be able to pay its debts as they became due. *(Id. §§ 15.1.1.2; 15.2.8).*

**ANSWER:     Defendants admit only that the IMUFA speaks for itself.  As to the remainder of the allegations, Defendants deny them in the manner and form alleged.**

19.     Likewise, Evo Pizza agreed that it would be in default of the IMUFA if it were to cease to operate or abandon its restaurants. *(Id. § 15.2.17).*

**ANSWER: Defendants admit only that the IMUFA speaks for itself.  As to the remainder of the allegations, Defendants deny them in the manner and form alleged.**

20.     Finally, the IMUFA required Evo Pizza to reimburse LCT for costs and expenses it incurred as a result of Evo Pizza's breaches of the IMUFA:

> [I]n connection with any failure by Franchisee to comply with this Agreement, regardless of whether there is any legal proceeding to enforce the terms of this Agreement, Franchisee shall reimburse LCT, upon demand, for the actual (or reasonably approximate) costs and expenses incurred by LCT, as applicable, as a result of such failure and for its enforcement of the terms of this Agreement, including, without limitation, accountants', attorneys', attorneys' assistants and expert witness fees, cost of investigation and proof of facts, court costs, other litigation expenses and travel expenses however excluding costs incurred by LCT in relation to settling a dispute under this Agreement.

*(Id. § 18.4).*

**ANSWER:     Defendants admit only that the IMUFA speaks for itself.  As to the remainder of the allegations, Defendants deny them in the manner and form alleged.**

### Evo Pizza's Breaches of the IMUFA

21.     Beginning in June 2019, Evo Pizza ceased making payments to LCT and Blue Line.

**ANSWER:**     **Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.   In further response, Defendant Sandra Koury was not involved in the day-to-day management of Evo.   In further response, a non-party to this litigation was the majority member and manager of an entity that owned and controlled Evo, and therefore, is the party in possession of the information necessary to answer this allegation.**

22.     At present, the outstanding amount owed by Evo Pizza to LCT for royalty payments required by Section 4.3 of the IMUFA is $100,971.62[2]. A small portion of this— $1,643.06— is attributable to a shortfall in Evo Pizza's royalty payments from earlier in 2019. The remaining amount is allocable to Evo Pizza's restaurants as follows:

| Franchise Number | Address | Royalties Owed |
|---|---|---|
| 4136-0001 | 3 Graham Avenue Casula, NSW 2170 | $12,889.09 |
| 4136-0002 | Shop 9, 4-6 Wandella Road Miranda, NSW 2228 | $8,068.59 |
| 4136-0003 | 111 George Street Parramatta, NSW 2228 | $7,186.88 |
| 4136-0004 | 137 Marion Street Leichhardt, NSW 2040 | $4,833.61 |
| 4136-0005 | Shop 10, 2 Birmingham Road South Penrith, NSW 2750 | $9,444.57 |
| 4136-0006 | 2/35 William Street Bathurst, NSW 2795 | $2,560.66 |
| 4136-0007 | 20 Sale Street Orange, NSW 2800 | $3,214.34 |

---

[2] Unless otherwise noted, all amounts in this Complaint are stated in United States Dollars. The IMUFA requires that all payments made under its terms be made in United States Dollars. (IMUFA §4.9)

| 4136-0008 | Shop 3A, Bradbury Shopping Villa<br>Bradbury, NSW 2560 | $12,805.88 |
|---|---|---|
| 4136-0010 | 1/2 Blarney Street<br>Revesby, NSW 2212 | $4,260.12 |
| 4136-0011 | Shop 4, 274-290 Victoria Street<br>Darlinhurst, NSW 2010 | $3,324.45 |
| 4136-0012 | 684 Hunter Street<br>Newcastle, NSW 2302 | $4,490.05 |
| 4136-0016 | 1/2-10 Gallipoli Street<br>St. Marys, NSW 2760 | $4,935.44 |
| 4136-0017 | 2/230 Elizabeth Street<br>Surry Hills, NSW 2010 | $10,946.63 |
| 4136-0018 | FS1 46 Wilsons Road<br>Mount Hutton, NSW 2290 | $10,368.25 |
| Subtotal | | $99,328.56 |
| **Including prior shortfall of** $1,643.06 | | **$100,971.62** |

**ANSWER:**   Defendants deny the allegations because they are untrue and in the manner and form alleged.

23.   From at least May 17, 2019, and continuing through October 4, 2019, Blue Line delivered equipment, supplies, and food products including, but not limited to, pizza dough mix, cheese, and sauce to the restaurants operated by Evo Pizza. However, Evo Pizza repeatedly failed to pay invoices associated with those shipments, despite having a contractual obligation to do so. At present, the outstanding amount owed by Evo Pizza to Blue Line for the purchase and delivery of equipment and supplies required by Sections 5.11 and 5.12 of the IMUFA is $659,531.96. This amount includes, in addition to $653,007.88 in past due amounts, $6,524.08 due on a December 10, 2019 invoice.

**ANSWER:**   Defendants admit only that Blue Line delivered equipment, supplies, and food products.  Defendants lack sufficient knowledge and information to form a belief as to what products were delivered on what dates, and therefore, deny them.  As to the remainder of the allegations, Defendants deny them because they are untrue and denies them in the manner and form alleged.

24.     In  October  2019,  LCT  audited  Evo  Pizza's  sales  records  for  each  of

its restaurants for the fiscal year ending June 30, 2019. The results of that audit showed that Evo

Pizza had underreported its sales for that period in large part by failing to report the full amount

paid by customers using delivery services such as Uber Eats or Deliveroo. Instead, Evo Pizza

would  discount  the  sales  at  the  point  of  sale  by  approximately  38%,  resulting  in  total

underreporting of AUS$600,000 for the audited fiscal year.

| Total underreported | AUS$600,000 |
|---|---|
| Royalties owed at 4% | AUS$24,000 |
| Currency conversion | USD$16,478.97 |

**ANSWER:    Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

25.     The  audit  also  found  that  Evo  Pizza  failed  to  report  opening  day  sales  for  its

restaurants that opened during that fiscal year. Each store opened on a Monday, which was the

last day of the reporting week, and Evo Pizza failed to report any sales for opening day for each

of the following restaurants:

| Franchise Number | Address | Opening Date | Underreported Sales |
|---|---|---|---|
| 4136-0006 | 2/35 William Street Bathurst, NSW 2795 | 12/17/2018 | AUS$5,043 |
| 4136-0007 | 20 Sale Street Orange, NSW 2800 | 7/30/2018 | AUS$8,195 |
| 4136-0011 | Shop 4, 274-290 Victoria Street Darlinhurst, NSW 2010 | 1/21/2019 | AUS$1,495 |
| 4136-0012 | 684 Hunter Street Newcastle, NSW 2302 | 7/16/2018 | AUS$6,105 |
| 4136-0016 | 1/2-10 Gallipoli Street St. Marys, NSW 2760 | 11/19/2018 | AUS$2,972 |
| 4136-0017 | 2/230 Elizabeth Street Surry Hills, NSW 2010 | 12/3/2018 | AUS$1,818 |
| 4136-0018 | FS1 46 Wilsons Road Mount Hutton, NSW 2290 | 2/18/2019 | AUS$8,280 |
| Total | | | AUS$33,908 |
| Royalties owed at 4% | | | AUS$1,356.32 |

| Currency conversion | USD$933.76 |
|---|---|

**ANSWER:   Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

26.     In total, at present, Evo Pizza owes $118,384.35 to LCT for unpaid royalties and $659,531.96 to Blue Line for deliveries of supplies.

**ANSWER:   Defendants deny the allegations because they are untrue.**

27.     Evo Pizza appointed administrators and entered into voluntary administration under Australian law on October 23, 2019. As a result of this proceeding, LCT incurred AUS$36,200.23 (US$24,978.03) in attorneys' fees for its counsel in Australia and $2,175.30 in attorneys' fees for its counsel in the United States. These fees will increase as Evo Pizza's administration proceedings continue.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.  In further response, a non-party to this litigation was the majority member and manager of an entity that owned and controlled Evo, and therefore, is the party in possession of the information necessary to answer this allegation.**

28.     Under the terms of the IMUFA, Evo Pizza had the right and the obligation to operate each licensed restaurant for a period of ten years from the opening of each restaurant. (IMUFA §§ 1.1.2 (obligation to operate restaurant), 2.2.2 (ten-year term). However, Evo Pizza has breached this obligation and has permanently closed and abandoned each of the restaurants. This has caused, and will continue to cause, a loss of profits for LCT in the form of lost royalties that would reasonably be expected from continued operations. Based upon the period when all fourteen restaurants were operating, LCT received an average of AUS$29,284 in combined monthly royalties. Projecting this amount four years into the future, LCT would have expected to have received at least US$969,848.82 in royalties from Evo Pizza. This calculation

understates the amount that actually will be lost by LCT due to the premature closure and abandonment, because the licenses for some of the restaurants extended into 2029, and none of the licenses would have expired by their terms in four years or fewer.

| Average monthly royalties | AUS$29,284 |
|---|---|
| Multiplied by 48 months | AUS$1,405,632 |
| Currency conversion | US$969,848.82 |

**ANSWER:**   Defendants admit only that the IMUFA speaks for itself.  As to the remainder of the allegations, Defendants deny them because they are untrue and in the manner and form alleged.

## The Guarantees

29.     Evo Pizza's obligations under the IMUFA, as set out above, are enforceable against Defendants. Each Defendant executed a personal guarantee for the IMUFA (the "Guarantee"). A true copy of the Guarantee as executed by each Defendant is attached hereto as Exhibit A.

**ANSWER:**   Defendants admit only that the IMUFA speaks for itself.  Defendants admit only that the personal guarantees attached as Exhibit A speak for themselves.

30.     In the Guarantee, Defendants agreed to

jointly and severally, hereby unconditionally guarantee that all of Franchisee's obligations to LCT and its affiliates, including under the [IMUFA] and obligations to LCT's affiliate Blue Line Foodservice Distribution Inc., will be punctually paid and performed.

(Guarantee at 58).

**ANSWER:**   Defendants admit only that the personal guarantees attached as Exhibit A speak for themselves.  As to the remainder of the allegations, Defendants deny them in the manner and form alleged.

31.     Defendants also agreed that LCT would have no obligation to proceed against the Franchisees prior to enforcing their obligations as guarantors. *(Id.)*

**ANSWER:**    Defendants admit only that the personal guarantees attached as Exhibit A speak for themselves.  As to the remainder of the allegations, Defendants deny them in the manner and form alleged.

32.    Defendants also specifically agreed to indemnify LCT for legal costs it might incur as a result of Evo Pizza's failure to perform its obligations under the IMUFA:

> The undersigned hereby agree to defend, indemnify and hold LCT harmless against any and all losses, damages, liabilities, costs, and expenses (including, but not limited to, reasonable attorneys' fees, reasonable costs of investigation, court costs, and arbitration fees and expenses) resulting from, consisting of, or arising out of or in connection with any failure by Franchisee to perform any obligation of Franchisee under the Agreement
> ….

**ANSWER:**    Defendants admit only that the personal guarantees attached as Exhibit A speak for themselves.  As to the remainder of the allegations, Defendants deny them in the manner and form alleged.

33.    Finally, Defendants agreed that the Guarantee would be interpreted under Michigan law, excluding any applicable choice of law rules, and that they would submit to the personal jurisdiction of Michigan state court sitting in Wayne County. *(Id.* at 58-59).

**ANSWER:**    Defendants admit only that the personal guarantees attached as Exhibit A speak for themselves.

34.    On December 23, 2019, Plaintiffs issued demands for payment to Defendants on the basis of moneys owed by Evo Pizza and Defendants' personal guarantees of those debts. These demands included amounts owed for royalty fees and deliveries of equipment and supplies for the periods in which Evo Pizza's restaurants had been operating, attorneys' fees and costs incurred by LCT as a result of Evo Pizza's bankruptcy, and future royalties lost as a result of the closure of Evo Pizza's restaurants. Plaintiffs demanded that Defendants pay all outstanding amounts owed immediately.

**ANSWER:**    Defendants admit only that the demands issued by Plaintiffs on December 23, 2019 speak for themselves.

35.    To date, Defendants have failed to pay any of the foregoing amounts.

**ANSWER:**    **Defendants deny the allegations in the manner and form alleged.**

## COUNT I
### Breach of Contract

36.    The allegations of Paragraphs 1 through 35 are hereby incorporated by reference.

**ANSWER:**    **Defendants Answers of Paragraphs 1 through 35 are hereby incorporated by reference.**

37.    In the Guarantee, Defendants agreed unconditionally to jointly and severally guarantee that all of Evo Pizza's obligations to LCT and its affiliates under the IMUFA would be punctually paid.

**ANSWER:**    **Defendants admit only that the personal guarantees attached as Exhibit A speak for themselves.  As to the remainder of the allegations, Defendants deny them in the manner and form alleged.**

38.    In the course of its operations and administration, Evo Pizza accumulated $145,537.68 in debts to LCT.

**ANSWER:**    **Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

39.    In the course of its operations, Evo Pizza accumulated $659,531.96 in debts to Blue Line.

**ANSWER:**    **Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

40.    Evo Pizza agreed that, should it fail to make a required payment, it would owe additional late fees, plus interest at the lower of six percent over the one-year Libor Rate as published in the Wall Street Journal or the maximum rate permitted by law.

**ANSWER:**    **Defendants deny the allegations in the manner and form alleged.**

41.    In the IMUFA and Restaurant Addenda, Evo Pizza also agreed to operate each of the LITTLE CAESARS restaurants it opened for a period of ten years.

**ANSWER:    Defendants admit only that the IMUFA and Restaurant Addenda speak for themselves.**

42.    Evo Pizza closed and abandoned its restaurants in late 2019, in material breach of its contractual obligations under the IMUFA and Restaurant Addenda.

**ANSWER:    Defendants lack sufficient knowledge or information to form a belief to the allegations regarding "Evo Pizza closed and abandoned its restaurants in late 2019," and therefore, deny them.  As to the remainder of the allegations, Defendants deny them because they are untrue.**

43.    As a direct result of Evo Pizza's closure and abandonment of its restaurants, LCT additionally has been deprived of future royalty payments it was owed, in the amount of at least $969,848.92.

**ANSWER: Defendants lack sufficient knowledge or information to form a belief to the allegations and therefore deny them.**

44.    Through the Guarantee, Plaintiffs are entitled to collect all of these amounts from Defendants personally.

**ANSWER:    Defendants deny the allegations because they are untrue.**

45.    Defendants have failed to pay any of the amounts Plaintiffs have demanded.

**ANSWER:    Defendants deny the allegations in the manner and form alleged.**

46.    Defendants' refusals constitute material breaches of the contractual provisions of the Guarantee cited herein.

**ANSWER:    Defendants deny the allegations because they are untrue.**

47.    As a direct and proximate result of Defendants' refusal, Plaintiffs have been deprived of moneys they are owed.

**ANSWER:**     Defendants deny the allegations because they are untrue.

## PRAYER FOR RELIEF'

WHEREFORE, Defendants respectfully request that this Honorable Court enter a judgment in their favor, plus reimbursement of costs and attorney fees incurred in the defense of this matter.

Respectfully submitted,
MADDIN, HAUSER, ROTH & HELLER, P.C.

*/s/ John A. MacKenzie*
David E. Hart (P45080)
John A. MacKenzie (P80386)
Maddin, Hauser, Roth & Heller, P.C.
*Attorneys for Defendants Ernest Koury and Sandra Koury*
28400 Northwestern Hwy, Floor 2
Southfield, MI 48034-1839
(248) 354-4030
dhart@maddinhauser.com
jmackenzie@maddinhauser.com

Dated: March 2, 2020

---

### PROOF OF SERVICE

I hereby certify that on **March 2, 2020,** I electronically filed the above documents and this Proof of Service with the Clerk of the Court using the CM/ECF E-Filing system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

MADDIN HAUSER ROTH & HELLER, P.C.

By: */s/ Sarah E. Beaudry*
Sarah E. Beaudry

---

STATE OF MICHIGAN
CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT

LC TRADEMARKS, INC., a Michigan
Corporation, and BLUE LINE FOODSERVICE
DISTRIBUTION, INC., a Michigan                    Case No.: 19-017282-CB
Corporation,                                      Hon. Brian R. Sullivan
                        Plaintiffs,

v.

VICTORIOUS FOODS, LLC, a Nevada
Limited Liability Company, ERNEST KOURY,
an individual, and SANDRA KOURY, an
individual,
                        Defendants

---

Larry J. Saylor (P28165)                    David E. Hart (P45080)
Kimberly A. Berger (P56165)                 John A. MacKenzie (P80386)
MILLER, CANFIELD, PADDOCK & STONE           MADDIN HAUSER
Attorneys for Plaintiffs                    Attorneys for Defendants Ernest
150 West Jefferson Ave., Suite 2500         Koury and Sandra Koury
Detroit, MI 48226                           28400 Northwestern Hwy, 2nd Floor
(313) 496-7986                              Southfield, MI 48034
                                            (248) 354-4030
                                            dhart@maddinhauser.com
                                            Jmackenzie@maddinhauser.com

---

## DEFENDANTS' AFFIRMATIVE DEFENSES

Defendants, Ernest Koury and Sandra Koury ("Defendants"), by and through their attorneys, Maddin, Hauser, Roth & Heller, P.C., states as follows for their Affirmative Defenses to Plaintiffs' Complaint:

1.     Plaintiffs' have failed to state a claim upon which relief may be granted.

2.     Plaintiffs' lack standing for some or all of their claims.

3.     The Court lacks personal jurisdiction over Defendants.

4.     Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations.

03229876 v1

5.      Some or all of Plaintiffs' claims are barred by the terms of an express agreement between the parties.

6.      Plaintiffs' claims are barred due to insufficiency of process or service.

7.      Plaintiffs' claims are barred to the extent that Plaintiffs have failed to name indispensable and/or necessary parties.

8.      Plaintiffs' claims may be barred because of prior judgment, immunity granted by law, presumption of risk, or other disposition of the claim before commencement of the action.

9.      Plaintiffs allege breaches that, even if true, are immaterial and do not constitute legal breaches.

10.     Some or all of Plaintiffs' claims are barred by the doctrine of unclean hands and/or that the circumstances upon which the claims are alleged are due to Plaintiffs' own actions or inactions and/or the actions, inactions or omissions of persons or entities other than Defendant.

11.     Plaintiffs' claims are barred in whole or in-part for failure to satisfy a condition precedent to pursue their claims against such as reducing their claims against the principal obligor to a judgment.

12.     Plaintiffs' claims are barred in whole or in-part due to a prior pending action.

13.     Plaintiffs' claims are barred in whole or in-part for forum shopping.

14.     Plaintiffs' claims may be barred in whole or in-part for failure to due to the voluntary administration in Australia.

15.      Plaintiffs' claims may be barred in whole or in-part for due to discharge, preemption, a Chapter 15 proceeding, and/or prohibition by Statute.

16.     Plaintiffs' claims may be barred in whole or in-part for Plaintiffs' frustration of the principal obligor's performance of certain agreements, including but not limited to, the IMUFA, and/or circumvention of certain agreements, including but not limited to, the IMUFA.

17.     Plaintiffs' claims may be barred in whole or in-part for fraud and/or unfair competition, as Plaintiffs intentionally concerted with Bitwealth Holdings, LLC to exclude Defendants from the IMUFA and terminate Defendants' business relationship with LCT.

18.     Plaintiffs' claims are barred because it failed to mitigate its purported damages.

19.     Plaintiffs alleged damages are subject to set off because Plaintiffs are indebted to Defendants.

20.     Some or all of the claims are barred by the doctrines of waiver, release, laches and estoppel.

21.     Some or all of Plaintiff's claims may be bared by the Statute of Frauds.

22.     Some or all of the claims are barred due to ratification and/or consent to the actions taken by the relevant parties.

23.     Some or all of the claims may be barred, in whole or in part, by Plaintiffs' own wrongful conduct.

24.     Plaintiffs committed the first material breach of the IMUFA and their claims are barred as a matter of law.

25.     Defendants reserve their right to amend these Special and/or Affirmative Defenses.

Respectfully submitted,

MADDIN, HAUSER, ROTH & HELLER, P.C.

*/s/ John A. MacKenzie*
David E. Hart (P45080)
John A. MacKenzie (P80386)
Maddin, Hauser, Roth & Heller, P.C.
*Attorneys for Defendants Ernest Koury and Sandra Koury*
28400 Northwestern Hwy, Floor 2
Southfield, MI 48034-1839
(248) 354-4030
dhart@maddinhauser.com
jmackenzie@maddinhauser.com

Dated: March 2, 2020

**PROOF OF SERVICE**

I hereby certify that on **March 2, 2020,** I electronically filed the above documents and this Proof of Service with the Clerk of the Court using the CM/ECF E-Filing system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

MADDIN HAUSER ROTH & HELLER, P.C.

By: */s/ Sarah E. Beaudry*
    Sarah E. Beaudry

STATE OF MICHIGAN
CIRCUIT COURT FOR THE THIRD JUDICIAL CIRCUIT

LC TRADEMARKS, INC., a Michigan
Corporation, and BLUE LINE FOODSERVICE
DISTRIBUTION, INC., a Michigan                    Case No.: 19-017282-CB
Corporation,                                       Hon. Brian R. Sullivan
                          Plaintiffs,

v.

VICTORIOUS FOODS, LLC, a Nevada
Limited Liability Company, ERNEST KOURY,
an individual, and SANDRA KOURY, an
individual,
                          Defendants

| | |
|---|---|
| Larry J. Saylor (P28165)<br>Kimberly A. Berger (P56165)<br>MILLER, CANFIELD, PADDOCK & STONE<br>Attorneys for Plaintiffs<br>150 West Jefferson Ave., Suite 2500<br>Detroit, MI 48226<br>(313) 496-7986 | David E. Hart (P45080)<br>John A. MacKenzie (P80386)<br>MADDIN HAUSER<br>Attorneys for Defendants Ernest<br>Koury and Sandra Koury<br>28400 Northwestern Hwy, 2nd Floor<br>Southfield, MI 48034<br>(248) 354-4030<br>dhart@maddinhauser.com<br>Jmackenzie@maddinhauser.com |

## DEFENDANTS' JURY DEMAND

Defendant, Ernest Koury and Sandra Koury ("Defendant"), by and through their

attorneys, Maddin, Hauser, Roth & Heller, P.C., request a jury trial in this matter.

Respectfully submitted,
MADDIN, HAUSER, ROTH & HELLER, P.C.

/s/ John A. MacKenzie
David E. Hart (P45080)
John A. MacKenzie (P80386)
Maddin, Hauser, Roth & Heller, P.C.
*Attorneys for Defendants Ernest Koury and Sandra*
*Koury*
28400 Northwestern Hwy, Floor 2
Southfield, MI 48034-1839
(248) 354-4030
dhart@maddinhauser.com
jmackenzie@maddinhauser.com

Dated: March 2, 2020

03229876 v1

**PROOF OF SERVICE**

     I hereby certify that on **March 2, 2020,** I electronically filed the above documents and this Proof of Service with the Clerk of the Court using the CM/ECF E-Filing system, which will send notification of such filing to those who are currently on the list to receive e-mail notices for this case.

                     MADDIN HAUSER ROTH & HELLER, P.C.

                     By: */s/ Sarah E. Beaudry*
                        Sarah E. Beaudry

03229876 v1