UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

LC TRADEMARKS, INC.,                              Case No: 19-13782
a Michigan corporation, and
BLUE LINE FOODSERVICE                             Judge Paul D.  Borman
DISTRIBUTION, INC.,

      Plaintiffs,

v.


VICTORIOUS FOODS, LLC, a
Nevada Limited Liability Company
BITWEALTH HOLDINGS, LLC,
a Nevada Limited Liability Company,
MATTHEW GOETTSCHE,
a Colorado citizen, GAVIN DICKSON,
a Utah citizen, ERNEST KOURY, a
Texas citizen, GEORGE OMAR KOURY,
a Nevada Citizen, GEORGE OMAR
KOURY, Trustee of the VM3G Family
Trust, GINA RENEE KOURY, a Nevada
citizen, GINA RENEE KOURY, Trustee
of the VM3G Family Trust, AFIFI KOURY,
a Nevada citizen, THOMAS B. ROSHEK, III,
a Texas citizen, DANIELLE GOETTSCHE,
a Colorado citizen, SANDRA KOURY, a
Texas citizen and TARA MICHELLE
DUVAL, a Texas citizen,

      Defendants.

---

| | |
|---|---|
| ROBERT L. ZISK (admit in ED Mich.)<br>MICHAEL L. STURM (admit in ED Mich.)<br>Lathop GPM LLP<br>*Attorneys for Plaintiffs*<br>The Watergate<br>600 New Hampshire Ave. N.W., Ste 700<br>Washington, D.C. 20037<br>(202) 295-2200<br>robert.zisk@lathropgpm.com<br>michael.sturm@lathropgpm.com | LARRY J. SAYLOR (P28165)<br>KIMBERLY A. BERGER (P56165)<br>Miller, Canfield, Paddock & Stone PLC<br>*Attorneys for Plaintiffs*<br>150 West Jefferson Avenue, Ste 2500<br>Detroit, Michigan 48226<br>(313) 496-7986<br>Saylor@millercanfield.com<br>Berger@millercanfield.com |

JAY Y. MANDEL P60576
Jay Y. Mandel, PLLC
*Atty for Defs Bitwealth, Goettsches*
535 Griswold Street, Suite 1000
Detroit, MI 48226
jmandel@jymlaw.com

JOHN A. MACKENZIE P80386
Maddin Hauser Roth & Heller, PC
*Atty for Defs Koury, Roshek, Duval*
28400 Northwestern Highway, 2nd Floor
Southfield, MI 48034
jmackenzie@maddinhauser.com

MICHAEL W. EDMUNDS (P55748)
Gault Davison, PC
*Attorney for Defendant Dickson*
8305 S. Saginaw, Ste. 8
Grand Blanc, MI 48439
(810) 234-3633
Medmunds@edmundslawoffice.com

## ATTORNEY EDMUNDS' MOTION TO WITHDRAW

2

## ATTORNEY EDMUNDS' MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT DICKSON

Michael Edmunds moves this court for permission to withdraw as attorney for Defendant Dickson, pursuant to MRPC 1.16, and in support states as follows:

1. Attorney Edmunds represents defendant Gavin Dickson, who resides in Utah.

2. Attorney Edmunds entered into a written retainer agreement with defendant Dickson whereby Dickson agreed to pay an hourly rate for legal services, to be billed and paid monthly.

3. To date, defendant Dickson has not paid any money to attorney Edmunds.

4. Attorney Edmunds warned defendant Dickson multiple times, in writing, that if he did not pay his bill, attorney Edmunds would withdraw.

5. Attorney Edmunds gave a deadline of September 25, 2020.

6. By not paying his bill, defendant Dickson has failed substantially to fulfill an obligation to attorney Edmunds, after being warned that he would withdraw unless the obligation was fulfilled.

7. In the absence of payment by defendant Dickson, the continued representation will result in an unreasonable financial burden on

3

attorney Edmunds.

8.    Plaintiffs recently made a settlement demand to defendant Dickson.

9.    Attorney Edmunds conveyed plaintiffs' settlement demand to defendant Dickson and requested a response but has not heard back from defendant Dickson.

10.   Plaintiffs recently issued written discovery to defendant Dickson.

11.   Answers are due on Friday, October 16, 2020.

12.   Attorney Edmunds prepared draft answers to plaintiffs' written discovery and sent them to defendant Dickson for his review and input.

13.   Attorney Edmunds scheduled a phone call with defendant Dickson to discuss, but due to a misunderstanding about the time difference, they never spoke.

14.   Attorney Edmunds attempted to reschedule, but has not heard back from defendant Dickson.

15.   Defendant Dickson's failure to communicate with attorney Edmunds, including his failure to respond to the settlement demand and the failure to respond to plaintiffs' written discovery have rendered the representation unreasonably difficult.

16.   This case was filed in December 2019.

4

17.   The parties are early in the discovery stage, so attorney Edmunds may withdraw without material adverse effect on defendant Dickson's interests.

**WHEREFORE,** Attorney Edmunds requests permission to withdraw as counsel for Defendant Johnson.

Dated: October 15, 2020            /s/Michael W. Edmunds P55748
                                   Michael W. Edmunds
                                   Gault Davison, PC
                                   Attorney for Defendant Dickson
                                   8305 S. Saginaw St. Suite 8
                                   Grand Blanc, MI 48439
                                   (810) 234-3633
                                   Medmunds@EdmundsLawOffice.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN - SOUTHERN DIVISION

LC TRADEMARKS, INC.,                          Case No: 19-13782
a Michigan corporation, and
BLUE LINE FOODSERVICE                          Judge Paul D.  Borman
DISTRIBUTION, INC.,

      Plaintiffs,

v.


VICTORIOUS FOODS, LLC, a
Nevada Limited Liability Company
BITWEALTH HOLDINGS, LLC,
a Nevada Limited Liability Company,
MATTHEW GOETTSCHE,
a Colorado citizen, GAVIN DICKSON,
a Utah citizen, ERNEST KOURY, a
Texas citizen, GEORGE OMAR KOURY,
a Nevada Citizen, GEORGE OMAR
KOURY, Trustee of the VM3G Family
Trust, GINA RENEE KOURY, a Nevada
citizen, GINA RENEE KOURY, Trustee
of the VM3G Family Trust, AFIFI KOURY,
a Nevada citizen, THOMAS B. ROSHEK, III,
a Texas citizen, DANIELLE GOETTSCHE,
a Colorado citizen, SANDRA KOURY, a
Texas citizen and TARA MICHELLE
DUVAL, a Texas citizen,

      Defendants.

---

ROBERT L. ZISK (admit in ED Mich.)          LARRY J. SAYLOR (P28165)
MICHAEL L. STURM (admit in ED Mich.)        KIMBERLY A. BERGER (P56165)
Lathop GPM LLP                              Miller, Canfield, Paddock & Stone PLC
*Attorneys for Plaintiffs*                  *Attorneys for Plaintiffs*
The Watergate                               150 West Jefferson Avenue, Ste 2500
600 New Hampshire Ave. N.W., Ste 700        Detroit, Michigan 48226
Washington, D.C. 20037                      (313) 496-7986
(202) 295-2200                              Saylor@millercanfield.com
robert.zisk@lathropgpm.com                  Berger@millercanfield.com
michael.sturm@lathropgpm.com

JAY Y. MANDEL P60576
Jay Y. Mandel, PLLC
*Atty for Defs Bitwealth, Goettsches*
535 Griswold Street, Suite 1000
Detroit, MI 48226
jmandel@jymlaw.com

JOHN A. MACKENZIE P80386
Maddin Hauser Roth & Heller, PC
*Atty for Defs Koury, Roshek, Duval*
28400 Northwestern Highway, 2nd Floor
Southfield, MI 48034
jmackenzie@maddinhauser.com

MICHAEL W. EDMUNDS (P55748)
Gault Davison, PC
*Attorney for Defendant Dickson*
8305 S. Saginaw, Ste. 8
Grand Blanc, MI 48439
(810) 234-3633
Medmunds@edmundslawoffice.com

---

## BRIEF IN SUPPORT OF MOTION TO WITHDRAW

## ISSUES PRESENTED

1.  Whether defendant Dickson has failed substantially to fulfill an obligation to attorney Edmunds by not paying his bill?

2.  Whether attorney Edmunds warned defendant Dickson that he would withdraw unless Dickson paid his bills?

3.  Whether the continued representation will result in an unreasonable financial burden on attorney Edmunds if defendant Dickson won't pay his bills?

4.  Whether defendant Dickson's failure to communicate with attorney Edmunds, including his failure to respond to the settlement demand and the failure to respond to plaintiffs' written discovery, has rendered the representation unreasonably difficult?

5.  Whether withdrawal now can be accomplished without materially adverse effect on defendant Dickson's interests?

## CONTROLLING AUTHORITY

MRPC 1.16

**INTRODUCTION**

This is a breach of contract case which involves personal guarantees executed by various defendants to the plaintiffs, who are the corporate entity who own and supply Little Ceasar's Pizza.  The plaintiffs attempted to branch out in to Australia.  Defendants executed personal guarantees to guarantee the Australian franchise corporation's obligations to Little Ceasar's.  The franchise failed.  Plaintiffs alleged that the Australian franchise defaulted on its contractual obligations to plaintiffs, and have sued defendants on the personal guarantees.

Gavin Dickson is one of the defendants.  He lives in Utah.  Along with defendant Matthew Goettsche, he is one of the owners of an investment capital company called Bitwealth, which is also a defendant.  Dickson has a personal attorney in Utah, Scott Gordon.

**STATEMENT OF FACTS**

Gordon contacted the undersigned, Michael Edmunds, and asked Edmunds to represent Dickson in the pending lawsuit.  Edmunds agreed, and sent Dickson a written retainer agreement which Dickson signed.  That agreement required Dickson to pay Edmunds by the hour, and to pay monthly.  To date, Dickson has made no payments.

1

Edmunds has warned Dickson multiple times, in writing, that if he did not pay his bill, Edmunds would withdraw.  Finally, Edmunds gave Dickson a deadline of September 25, 2020 to pay the bill in full. Dickson did not pay anything.

Plaintiffs made a settlement demand to Dickson.  Edmunds conveyed plaintiffs' settlement demand to Dickson and requested a response, but has not heard back from Dickson.

Plaintiffs issued written discovery to Dickson.  Dickson's answers are due on Friday, October 16, 2020.  Edmunds prepared draft answers to plaintiffs' written discovery and sent them to Dickson for his review and input. Edmunds scheduled a phone call with Dickson to discuss Dickson's answers, but due to a misunderstanding about the 3 hour time difference, they never spoke.  Edmunds attempted to reschedule, but has not heard back from Dickson.

This case was filed in December 2019.  The parties are early in the discovery stage.

## ARGUMENT

The Michigan Rules of Professional Conduct permit an attorney to withdraw from representing a client with permission for the court if withdrawal can be accomplished without material adverse effect on the interests of the client if any of the following is true:

(1) the client persist in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent;

(2) the client has used the lawyer's services to perpetrate a crime or fraud;

(3) the client insists upon pursuing an objective that the lawyer considers repugnant or imprudent;

(4) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(5) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client;

(6) other good cause for withdrawal exists.

MRPC 1.16(b).

By not paying his bill, Dickson has failed substantially to fulfill an

3

obligation to Edmunds, after being warned that he would withdraw unless the obligation was fulfilled.

In the absence of payment by Dickson, the continued representation will result in an unreasonable financial burden on Edmunds. He has not been paid for any of the work he has performed thus far for Dickson. In addition, Edmunds paid the facilitator with his own funds, so the facilitator would hold the date for the parties. He cannot continue working for free, much less continue paying out of pocket for expenses related to the defense.

Dickson's failure to communicate with Edmunds, including his failure to respond to the settlement demand and the failure to respond to plaintiffs' written discovery have rendered the representation unreasonably difficult.

Due to the early stage of the litigation, Edmunds may withdraw without material adverse effect on Dickson's interests. Dickson has plenty of time to find another attorney. A delay in finding new counsel should not unduly burden the other parties. The fact that Dickson has an attorney in Utah should smooth the transition.

4

## CONCLUSION

The undersigned requests leave to withdraw as counsel for defendant Dickson for the reasons enumerated, and in accordance with the Michigan Rules of Professional Conduct.  He can provide the court and counsel with a phone number and email address for Dickson and his personal attorney.  The undersigned requests, on behalf of Dickson, additional time to respond to plaintiffs' written discovery requests so that there are no adverse consequences to Dickson for not responding by the current deadline.

5

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record, and that I also served Defendant Gavin Dickson by email.

Dated: October 15, 2020          /s/Michael W. Edmunds P55748
                                  Michael W. Edmunds
                                  Gault Davison, PC
                                  Attorney for Defendant Dickson
                                  8305 S. Saginaw St. Suite 8
                                  Grand Blanc, MI 48439
                                  (810) 234-3633
                                  Medmunds@EdmundsLawOffice.com

A