## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
### Southern Division – Detroit

LC TRADEMARKS, INC., *et al.*,

      Plaintiffs,

v.

VICTORIOUS FOODS, LLC, *et al.*,

      Defendants.

Case No. 19-cv-13782

Hon. Paul D. Borman
Mag. Judge Anthony P. Patti

## PLAINTIFFS' RESPONSE AND BRIEF IN
## <u>RESPONSE TO MOTION TO WITHDRAW</u>

Larry J. Saylor (P28165)
Kimberly A. Berger (P56165)
MILLER, CANFIELD, PADDOCK
    &STONE P.L.C.
150 West Jefferson Avenue,
Suite 2500
Detroit, Michigan 48226
Telephone:  (313) 496-7986
Facsimile:   (313) 496-8454
Saylor@millercanfield.com
Berger@millercanfield.com

Robert L. Zisk (admitted in E.D. Mich.)
Michael L. Sturm (admitted in E.D. Mich.)
LATHROP GPM LLP
The Watergate
600 New Hampshire Avenue, N.W.
Suite 700
Washington, D.C. 20037
Telephone: (202) 295-2200
Facsimile:  (202) 295-2250
robert.zisk@lathropgpm.com
michael.sturm@lathropgpm.com

*Attorneys for Plaintiffs*

Plaintiffs LC Trademarks, Inc. and Blue Line Foodservice Distribution, Inc. ("Plaintiffs") hereby respond to the Motion to Withdraw as Counsel for Defendants Ernest and Sandra Koury (the "Koury Defendants") filed by the Maddin Hauser law firm (ECF No. 40). As set out below, any permitted withdrawal should be conditioned on certain requirements, for the following reasons and grounds:

1.     The Motion appears to contemplate immediate withdrawal of the Maddin Hauser law firm, with no imminent replacement. Because they have appeared and are not in default, the Koury Defendants are entitled to receive service of all papers filed in the case. *See* Fed. R. Civ. P. 5(a)(1)-(a)(2). But if Maddin Hauser withdraws immediately and is not replaced, Plaintiffs would be prejudiced because they would have no way to serve the Koury Defendants with discovery or motions or other papers in the case. The Koury Defendants might themselves be prejudiced if they failed to receive service. Accordingly, any withdrawal should not become effective unless and until new counsel appear who can be served electronically on behalf of the Koury Defendants.

2.     The Motion notes that discovery responses from the Koury Defendants are due "on or before October 30, 2020." ECF No. 40, PageID 746. The requests originally were served on September 16, 2020 and due October 16, 2020; the current due date results from a two-week courtesy extension granted at Maddin Hauser's request shortly before seeking to withdraw. The additional month

now requested would result in a total of two-and-a-half months to respond to initial discovery requests. There is no guarantee that new counsel, whenever they appear, will not seek even more time. This long delay is inconsistent with the agreed-upon and Court-ordered schedule in the case and would be prejudicial to Plaintiffs.

3.     According to the Motion, Maddin Hauser is seeking to withdraw for financial reasons, not because of any conflict. *See* ECF No. 40, PageID746. Maddin Hauser is continuing to represent seven other parties in this case, including related family members, and corresponding discovery responses are due from all of them at the same time. To avoid further prejudicial delay, and in view of the limited incremental cost, Maddin Hauser should complete the discovery responses from the two Koury Defendants (along with those of the other related parties) prior to any withdrawal.

WHEREFORE, for the reasons stated above and in the following Brief, the Court should not permit the requested withdrawal until (1) new counsel has appeared to represent the Koury Defendants, and (2) they have responded to the outstanding discovery requests from Plaintiffs.

## BRIEF IN SUPPORT OF PLAINTIFFS' RESPONSE
## <u>TO MOTION TO WITHDRAW AS COUNSEL</u>

## <u>ISSUE PRESENTED</u>

Whether the Court should permit the Maddin Hauser firm to withdraw immediately as counsel for two Defendants, without any replacement counsel appearing and when discovery from those Defendants is due?

## **CONTROLLING LEGAL AUTHORITY**

Fed. R. Civ. P. 5(a).

In its present form, the Motion to Withdraw is improper and should be denied. Any permitted withdrawal should be conditioned so as to avoid prejudice to Plaintiffs and other parties, as stated below.

On October 12, 2020, Maddin Hauser requested an extension of time to respond to pending discovery requests on behalf of all nine Defendants Maddin Hauser has represented in this litigation. Maddin Hauser represented that its clients had been working on the responses, but needed some additional time. By agreement of counsel reached the same day, the deadline for responding to the requests originally served on September 16, 2020 was extended by two weeks, to October 30, 2020. Other Defendants in the case already have responded to this discovery.

On October 23, 2020, Maddin Hauser advised Plaintiffs' counsel that it had "inadvertently filed" what purported to be a stipulation approving Maddin Hauser's withdrawal as counsel for Ernest and Sandra Koury, while continuing to represent seven other Defendants. Maddin Hauser had never discussed the planned withdrawal with Plaintiffs' counsel, let alone received approval for a stipulation. Moreover, as pointed out to Maddin Hauser in subsequent communications, the form of the purported withdrawal created substantive problems, which the present Motion fails to resolve.

4

The Motion requests immediate withdrawal of the Maddin Hauser law firm as counsel for the Koury Defendants, with no imminent replacement. Because they have appeared in the case and are not in default, the Koury Defendants are entitled under the Rules to receive service of all papers filed in the case. *See* Fed. R. Civ. P. 5(a)(1) (generally requiring service of papers on all parties), *id.* 5(a)(2) ("[n]o service is required on a party who is in default for failure to appear"). But if Maddin Hauser withdraws and is not replaced, Plaintiffs would be prejudiced because they would have no clearly rules-compliant mechanism by which to serve the Koury Defendants. The Koury Defendants might themselves likewise be prejudiced by failure to receive important papers in the case. Plaintiffs attempted to raise this issue with Maddin Hauser prior to the filing of the Motion, but the issue was ignored and no resolution has been proposed. Accordingly, Maddin Hauser's withdrawal should not become effective unless and until new counsel appear who can be served electronically on behalf of the Koury Defendants.

The requested additional month-long delay for serving discovery responses also is improper. The deadline for responses already has been extended once, the responses are due today, and receiving timely responses is important because the parties are facing December 11, 2020 deadlines for identifying witnesses and providing initial expert disclosures. *See* ECF No. 37, PageID714. Other Defendants have already provided initial responses.

According to the Motion, Maddin Hauser is seeking to withdraw because Ernest and Sandra Koury will not pay for its services, not because of any conflict. *See* ECF No. 40, PageID746. But the Koury Defendants should not be able to prejudice other parties and delay proceedings by making a unilateral non-payment determination on the eve of their discovery responses being due. As of October 12, 2020, when it requested the first extension, Maddin Hauser was already working on discovery responses, and Maddin Hauser is continuing to represent seven other parties in this case, including George, Gina Renee, and Afifi Koury. Corresponding discovery responses are due from all of the parties presently represented by Maddin Hauser on the same date. To avoid further prejudicial delay to Plaintiffs, and in view of the limited incremental cost, Maddin Hauser should complete the discovery responses from the two Koury Defendants (along with those of the other Kourys) prior to withdrawal.

The cases cited by Maddin Hauser (ECF No. 40, PageID747) do not mandate or even suggest unconditional granting of a motion to withdraw as counsel when litigation is pending and deadlines are approaching. In *Estate of Mitchell v. Dougherty*, 249 Mich. App. 668, 644 N.W. 2d 391 (2002), the issue was whether the clients had implicitly terminated an attorney-client relationship with a firm when the lawyers with whom they were working departed for a new firm. Likewise, in *Maddox v. Burlingame*, 205 Mich. App. 446, 517 N.W. 2d 816

(1994), the question was when the lawyer ceased representing the client for purposes of calculating the statute of limitations. Neither case has any bearing on the situation here.

WHEREFORE, for the reasons stated herein, the Court should not permit the requested withdrawal until (1) new counsel has appeared to represent the Koury Defendants, and (2) they have responded to the outstanding discovery requests from Plaintiffs.

Respectfully submitted,

/s/ Michael L. Sturm
Robert L. Zisk (admitted in E.D. Mich.)
Michael L. Sturm (admitted in E.D. Mich.)
LATHOP GPM LLP
The Watergate
600 New Hampshire Avenue, N.W. – Suite 700
Washington, D.C. 20037
Telephone:  (202) 295-2200
Facsimile:   (202) 295-2250
robert.zisk@lathropgpm.com
michael.sturm@lathropgpm.com

Larry J. Saylor (P28165)
Kimberly A. Berger (P56165)
MILLER, CANFIELD, PADDOCK
    & STONE P.L.C.
150 West Jefferson Avenue, Suite 2500
Detroit, Michigan 48226
Telephone:  (313) 496-7986
Facsimile:   (313) 496-8454
Saylor@millercanfield.com
Berger@millercanfield.com

Dated: October 30, 2020          *Attorneys for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on October 30, 2020, I caused the foregoing to be electronically filed with the Clerk of Court using the ECF system, which will send notification of such filing to those who are registered to receive e-mail notices for this case.

/s/ *Michael L. Sturm*