UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LC TRADEMARKS, INC. and
BLUE LINE FOODSERVICE
DISTRIBUTION, INC.,

        Plaintiffs,

v.

BITWEALTH HOLDINGS, LLC,
*et al.*,

        Defendants.
_____/

Case No. 2:19-cv-13782
District Judge Paul D. Borman
Magistrate Judge Anthony P. Patti

## ORDER CONDITIONALLY GRANTING MOTION TO WITHDRAW AS COUNSEL (ECF No. 40)

This matter came before the Court for consideration of the law firm of Maddin Hauser Roth & Heller, PC's ("Maddin Hauser's") October 27, 2020 motion to withdraw as counsel for Defendants Ernest Koury and Sandra Koury (ECF No. 40), which Judge Borman referred to me for a hearing and determination (ECF No. 42).  Maddin Hauser has appeared as counsel for several other Defendants in the case, and John A. MacKenzie is the attorney from the moving firm representing Defendants Ernest and Sandra Koury.  The motion states that "[o]n or about October 23, 2020, Maddin Hauser was informed by Ernest and Sandra Koury that they were terminating the attorney-client relationship with Maddin Hauser because of the inability to pay for legal services," and that

Defendants Ernest and Sandra Koury have stipulated to the formal withdrawal. (ECF No. 40, PageID.746-747.) Following the Court's text-only order directing that it do so, Maddin Hauser served the motion to withdraw and all papers filed in connection therewith upon Defendants Ernest and Sandra Koury by First Class Mail and e-mail and filed with the Court proof of that service. (ECF No. 43.) Nearly three weeks have passed since they were served, and neither Ernest nor Sandra Koury have weighed in on the subject.

Plaintiffs responded in opposition to the motion on October 30, 2020, arguing that: (1) "any withdrawal should not become effective unless and until new counsel appear who can be served electronically on behalf of the Koury Defendants" because they otherwise "would have no way to serve the Koury Defendants with discovery or motions or other papers in the case"; (2) they served discovery requests upon Defendants Ernest and Sandra Koury to which responses were due on October 30, 2020; (3) the deadline for identifying witnesses and providing initial expert disclosures is December 11, 2020; and (4) "Maddin Hauser should complete the discovery responses from the two Koury Defendants (along with those of the other related parties) prior to any withdrawal." (ECF No. 41, PageID.758-759, 763-766.)

Upon consideration, the motion to withdraw as counsel (ECF No. 40) is **GRANTED WITH THE FOLLOWING CONDITIONS**:

- Before the Court will permit Maddin Hauser to formally withdraw as counsel for Defendants Ernest and Sandra Koury, Maddin Hauser **SHALL** work with these Defendants to complete and serve their responses to Plaintiffs' discovery requests referenced in the motion to withdraw (ECF No. 40, PageID.746-747) and in Plaintiffs' response (ECF No. 41, PageID.758-759, 763-766), as well as their witness list which, according to the scheduling order, is due by **December 11, 2020** (ECF No. 37, PageID.714). The discovery requests were served on Maddin Hauser's watch and are now overdue, and the attorneys likely know better than the clients who the witnesses are at this stage of the litigation and, thus, should name them.

- Upon completion of the above conditions, Maddin Hauser may submit to the Court a proposed order of withdrawal, approved as to form by counsel and including Defendants' Ernest and Sandra Koury's contact information (service mailing addresses, phone numbers and email addresses), which shall require them to either make the necessary arrangements for securing new counsel **OR** inform the Court of their inability to do so within **thirty (30) days**. However, the Court rejects any suggestion that these Defendants or their departing counsel be required to make expert disclosures or that these Defendants must first have new counsel before permitting the withdrawal. (ECF No. 41, PageID.764, 766.) Experts are an optional and expensive proposition, neither required nor necessarily affordable to these defendants, who have already expressed their inability to afford their own counsel. Likewise, requiring them to retain new counsel may not be economically feasible. Moreover, civil defendants have a right to represent themselves if they so choose. *Bass v. Leatherwood*, 788 F.3d 228, 230 (6th Cir. 2015) ("Federal law allows parties to 'plead and conduct their own cases personally or by counsel.'") (quoting 28 U.S.C. § 1654).

- Finally, Maddin Hauser **SHALL**: **(a)** serve a copy of this order as well as any future proposed or entered order of withdrawal upon Defendants Ernest and Sandra Koury and **(b)** certify the same to the Court by filing a proof of service.[1]

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within

**IT IS SO ORDERED.**

Dated: December 1, 2020

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).